Battle, J.
 

 The only question which we shall consider is, whether the warranty of soundness contained in the bill of sale from the plaintiffs to the defendant, was admissible as evidence of their declaration, that the slave was sound at the time when it was made. A warranty is a contract by which the person who makes it engages to become responsible to the other party for any damage which he may sustain by a breach of it. It does not necessarily include a declaration by the maker that the fact is so, but merely that he will be responsible if it shall prove not to be so. If it implied an assertion in all cases of the truth of the fact, then, in many instances, a conscientious man could not make it at all. Suppose
 
 *540
 
 a person to buy a horse which he never saw or heard of before, and another, on the same day, offers him an advanced price for the horse if he will warrant him to be sound, cannot the seller make the warranty, without declaring that the animal is sound ? Would it xiot be distinctly understood between the parties that neither of them knew, or asserted that he was sound, but that the seller would, in consideration of the advanced px-ice, take upon himself the responsibility that he was sound ? In 1 Selwin’s Nisi Prius, 687, it is said that “ a horse being an animal subject to secret maladies, which cannot be discovered by a mere trial and inspection, it is usual, and in all cases prudent, for the buyer of a horse to require from the seller a warranty of its soundness; for if a horse, having a secret malady, is sold without a warranty of soundness, and without any fraud oxx the part of the seller, the purchaser is without a rexnedy.” In taking such warranty, does the buyer care whether the seller declares the animal to be sound or not? Would he hesitate to take the warraxxty if the seller declare expressly that ke knows nothing about the horse? Certainly not. The waxuanty ought never to be used then, for any other than its legitixxxate purpose of imposing upon the seller the responsibility of making good any daxnages which the buyer may sustain by reason of the breach of it.
 

 But it has been suggested in this case, that as the warraxxty offered in evidence was made about thirteen months before that upon which the suit was brought, it was such slight testimony of the unsoundness of the slave, at the time when the latter warranty was given, that it was immaterial, and could do no harm. It is true, that if it were testimony at all, it was too slight to have axxy legitimate effect upon the minds of the jury; but yet it xnay possibly have xnisled them, by inducing thexn to find for the defendant, upon the principle of setting off the oxxe warranty against the other. That was, of course, impropex’, axxd as the jury may have been misled, we think that the plaintiffs axe entitled to a
 
 venwe de novo..
 

 Per Curiam.
 

 Judgment reversed.