LOUANTHA E. PETERSON *vs.* ENOCH R. MORGAN.

Franklin. Sept. 15. — Dec. 28, 1874. WELLS & MORTON, JJ., absent,

In an action of slander for repeating defamatory words, evidence that rumors, charging the plaintiff with the same offence, previously prevailed in the vicinity, is not admissible either in bar or in mitigation of damages.

TORT for slander in accusing the plaintiff of fornication. The declaration alleged, in different counts, three separate conversations in which the defendant said in substance, speaking of the plaintiff, that he heard she had a pair of twins.

At the trial in the Superior Court, before *Lord*, J., there was evidence that the defendant as a physician attended the plaintiff from November 18 to December 4, 1872, when he was dismissed. There was no evidence that the defendant uttered the words alleged in the declaration before December 14, 1872, and there was evidence that on that day he heard a rumor that the plaintiff had been delivered of twins, and that on December 17 he told it to one who had not previously heard it. The defendant offered to prove that before he uttered the words attributed to him, rumors were current in the vicinity, and were wide spread and had existed for weeks, that the plaintiff had been delivered of twins.

The judge rejected the evidence, as substantive evidence either in bar or in mitigation of damages; the evidence, however, came in incidentally on cross-examination and was argued upon by counsel on each side, and was made the foundation of a prayer for instruction by the defendant, which instruction was given. The defendant offered to show that at the time he uttered the words the character of the plaintiff was bad, in consequence of the rumors relative to her having been delivered of twins and other like rumors, admitting that he was not prepared to show that her character had been questioned prior to the circulation of these rumors; but offering to show that he was in no way responsible for said rumors. The judge ruled that while evidence was competent that the plaintiff's character was bad at the time the defendant uttered the words attributed to him, yet the fact that there were such rumors, if they were false, was not evidence which constituted a bad character, although such false rumors had originated before the defendant uttered the words attributed to him, and although the defendant had nothing to do with the originating or circulating of said rumors up to that time, and excluded the evidence upon the question of character.

The judge ruled that if a report charging a person with the commission of a crime is current in a community, any one who repeats the report or gives currency to it, is fully justified if he answers and proves its truth. If the report is false, and it is presumed to be false if not proved to be true, any person, who so reports it as to affirm its truth, is responsible, though he did not originate it; and if, as in this case, there was no proof or claim that the defendant originated the report or was influenced by express malice in repeating it, the fact that there was such a report in circulation could be given in evidence in mitigation of damages; that evidence of a general bad character of the plaintiff was admissible in mitigation of damages, but that any loss of position, standing or character which the plaintiff had suffered by reason of the circulation of such reports, was not competent to prove such bad character, and that the measure of damages was not what the plaintiff had suffered by reason of the circulation of such reports, but the injury which had been caused to her by the defendant's reporting them as true. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. T. Field*, for the defendant.

*D. Aiken*, for the plaintiff.

COLT, J. The judge permitted the defendant to show that the plaintiff's general character was bad at the time the defendant uttered the words attributed to him, but ruled that evidence of rumors charging the plaintiff with the same offence, and prevailing in the vicinity before that time, was not admissible as substantive evidence either in bar or in mitigation of damages. Such evidence came in however incidentally on cross-examination, and, at the defendant's request, the jury were further told that the measure of damages was not what the plaintiff had suffered by reason of the circulation of such reports, but what she had suffered by the defendant's reporting them as true.

To these rulings there is no just ground of complaint. The question of the plaintiff's general character was a question of fact to be proved by the oaths of witnesses who knew what her general reputation was. If bad, it is a fact which rests upon hearsay, (sometimes said to be admitted as an exception to the general rule of exclusion,) but it is still an independent fact. The plaintiff must always come prepared to meet it, but is not required to come prepared to disprove particular false reports as to which he can have *no notice ;* or to defend his reputation in detail. And besides proof of false rumors alone must of necessity be by hearsay evidence in its most objectionable form. Such rumors do not necessarily constitute general bad character. They may fall very far short of it ; and while they do, they are clearly inadmissible. *Alderman* v. *French*, 1 Pick. 1, 18. *Bodwell* v. *Swan*, 3 Pick. 376. *Kenney* v. *McLaughlin*, 5 Gray, 3. *Watson* v. *Moore* 2 Cush. 133, 141.                         *Exceptions overruled.*