## STATE v. ANDERSON JONES.

### *Evidence.*

1. Although evidence may be irrelevant, yet if it might have exercised a prejudicial effect on the minds of the jury, a new trial will be granted.

2. It is error to admit the return of "not to be found" on a *capias* to show that the prisoner had fled, in the absence of evidence that the prisoner resided in the county to which the *capias* was issued.

(*State* v. *Mikle*, 81 N. C., 552, cited and approved).

INDICTMENT, tried before *Gudger, Judge,* and a jury, at Spring Term, 1885, of DUPLIN Superior Court.

On the trial, there were several exceptions taken to the ruling of the Court in receiving and refusing evidence, only one of which is necessary to consider for the purpose of determining this appeal.

With the view of showing the flight of the defendant, the Solicitor was allowed by the Court to offer in evidence eight writs of *capias,* issued to the sheriff of Duplin county, to each of which the sheriff returned "not to be found."

The ninth writ was issued to the sheriff of Wayne county, and on that, the sheriff of that county returned that he had delivered the defendant to the sheriff of Duplin county. To the admission of this evidence the defendant excepted.

The jury found the defendant guilty, and the Court pronounced judgment against him, from which he appealed to this Court.

*Attorney General,* for the State.
*Mr. H. R. Kornegay,* for the defendant.

ASHE, J. (after stating the facts). We are of opinion that the evidence was improperly admitted. It was no evidence of flight. It was therefore irrelevant, and may have exerted a prejudicial

effect upon the minds of the jury, and when that is so, it is a ground for a new trial. *State* v. *Mikle*, 81 N. C., 552.

There was no evidence, as appears from the record, that the defendant had ever resided in the county of Duplin. There was evidence that he had illicit intercourse with the prosecutrix, but where it took place is not stated—except on one occasion, he was seen "in a room of the house of the prosecutrix, with her, in the night, and without any light." This was the only positive evidence that he was ever in the county of Duplin. For aught that appears in the case, if the first *capias* had been issued to the county of Wayne, the defendant might have been arrested, for he was taken by the sheriff of that county on the first *capias* issued to him.

As the record fails to disclose any evidence tending to show that the defendant, at the time of the finding of the bill of indictment against him, was a resident, or even a temporary sojourner in the county of Duplin, from which it might be inferred that he had absented himself from that county to avoid the service of process, it was error to admit the evidence, and the defendant is entitled to a *venire de novo*. And to that end, this opinion must be certified to the Superior Court of Duplin county.

Error.                                              Reversed.