J. C. NIXON v. J. C. McKINNEY and THOMAS B. ROLLINS.

*Evidence — Intent — Fraud — Transaction with Deceased Persons — General Character.*

1. Upon the trial of an action involving the *bona fides* of a deed conveying land, it was in evidence that both parties claimed under one C.—the plaintiff through execution sale, the defendant by private sale. C. died pending suit, but his deposition, taken on behalf of the defendant, was, without objection of the plaintiff, admitted, in which he testified in relation to the circumstances of the alleged fraudulent sale and conveyance of defendant: *Held*, that under the last clause of § 590, *The Code*, the defendant became a competent witness in his own behalf, in respect to the same transaction.

2. While evidence of the intent of a party to a deed is never competent for the purpose of changing its obvious meaning, or adding new provisions when its meaning is clear, nevertheless where it is material to ascertain whether a grantor acted in good faith in executing a deed, or the motives of the grantee in taking benefit under it, the evidence of such grantor or grantee is competent upon the question of intent.

3. Particular facts are inadmissible to prove general character.

This was an Action for the Possession of Land, brought against the defendant McKinney, tenant in possession, and

defended by his landlord, T. B. Rollins. It was tried at November Term, 1889, of the Superior Court of HARNETT County, before *Armfield, J.*

The issues and responses were:

1. Was the deed from C. H. Cofield to T. B. Rollins made to hinder, delay, or defraud creditors of C. H. Cofield? Ans. Yes.

2. Was T. B. Rollins a purchaser of the land in controversy for value, and without notice of any fraud in said purchase? Ans. Yes.

3. Is plaintiff the owner in fee of said land and entitled to the possession thereof? Ans. No.

4. What damage has plaintiff sustained by reason of the detention of said land by defendant? Ans. None.

The plaintiff and defendant Rollins both claimed title to the *locus in quo* under one C. H. Cofield—the plaintiff by mesne conveyances from the purchaser at an execution sale under a judgment in favor of F. F. Blalock against Cofield, which was obtained at Spring Term, 1882, of Harnett Superior Court, and docketed therein February 24, 1882. Summons issued in the Blalock suit January 13, 1880, and was served on defendant in that case February 4, 1880; execution issued on the Blalock judgment 28th of February, 1882, under which the Sheriff of Harnett County levied on the *locus in quo* and returned that execution without sale. An alias execution was issued under which, on February 21, 1883, the Sheriff sold, when W. E. Murchison became the purchaser, and transferred his bid to F. McK. Murchison, to whom the Sheriff of Harnett County executed a deed. F. McK. Murchison, prior to the commencement of this action, conveyed a deed for the *locus in quo* to the plaintiff Nixon.

The defendant Rollins claimed title under Cofield by a deed to him, dated May 1, 1880, and registered June 24, 1880, prior to the docketing of the Blalock judgment against

Cofield, and this deed the plaintiff read in evidence before resting his case.

The plaintiff, after introducing the judgment and execution in the Blalock suit, under which the *locus in quo* was sold and purchased by his grantor, offered both parol and documentary evidence tending to prove that on May 1st, 1880, Cofield was insolvent, and tending to attack the deed from him to the defendant Rollins as being fraudulent and intended to hinder, delay and defraud the creditors of Cofield. The plaintiff also offered evidence that the defendant Rollins was, at the time of taking the deed from Cofield, his son-in-law, and tending to show that he had opportunities of knowing his insolvent condition; and that the financial embarrassment of Cofield became publicly known in Harnett County before the execution of the deed to Rollins.

The defendant claimed to be a *bona fide* purchaser for value and without notice of any fraudulent intent on the part of Cofield, and offered evidence tending to establish this defence; and after plaintiff had introduced his evidence and rested, he introduced the deposition of Cofield—who died since the commencement of this action—which had been taken in behalf of the defendant. In this deposition Cofield testified: "About one year after I conveyed the 175 acres to T. B. Rollins I sold to him a 52-acre tract for sixty dollars, and received the cash from T. B. Rollins, and said sale was not made in fraud of Mrs. Fannie Blalock or any other person, but was *bona fide* and for full and valuable consideration, it being land of very inferior character, being very hilly, poorly timbered, light and inferior soil, and, according to my opinion, it sold for its value, and that it would not have brought more at public sale for cash."

Plaintiff objected to the reading of the deposition to the jury, because the witness undertakes to give in evidence conclusions of law, such as saying the deed to Rollins was "*bona*

*fide,* and not made in fraud of Mrs. Blalock or any other person," &c., whereas it was only competent for him to speak of the facts from which the character of the transaction might be inferred by the jury. Objection was overruled, and the whole of the deposition was read to the jury, and plaintiff excepted.

The defendant was introduced as a witness in his own behalf, and plaintiff objected to his being allowed to testify as to any transaction or communication between him and Cofield. The Court overruled plaintiff's objection, and Rollins testified, among other things, as follows:

"I am a son-in-law of C. H. Cofield. I gave him sixty dollars cash for the land (*locus in quo*). I think I gave full value. It was a real transaction."

Rollins was further permitted, notwithstanding plaintiff's objection, to testify as to his own intention as follows:

"It was not my intention to defraud anybody."

Rollins also testified that he had no knowledge of any fraud on the part of Cofield, and no knowledge of the Blalock suit until during its pendency, and after he had purchased this land; that he resided in Wake County at the time, and he allowed Cofield to remain upon the land because he was old and poor and was his father-in-law, but there was no prior stipulation or arrangement to that effect. There was no agreement for rent, and Cofield paid none.

There was testimony of other witnesses that $60 was a fair price for the land.

Plaintiff excepted.

On cross-examination, a witness for plaintiff, in response to questions put to witness by defendant's counsel, testified, without objection, that Cofield was a member of the Legislature, County Commissioner and a Director in the Penitentiary Board, and stood very high.

On re-direct examination of this witness, the plaintiff offered to prove in reply to defendant's cross-examination

that, on a former trial between Nixon, the plaintiff, and Cofield and defendant Rollins, about another tract of land, it was testified that said Cofield had forged a deed.

Defendant objected. The Court sustained the objection, and plaintiff excepted.

This witness, however, was allowed to state in response to a question on the re-direct examination, that he did not think that Cofield possessed that high character at the latter part of his life.

There was no exception to the charge. After verdict, plaintiff moved for a new trial on the foregoing exceptions to evidence. Rule for new trial discharged. Judgment was rendered in favor of defendant for costs, from which plaintiff appealed.

*Messrs. W. A. Guthrie* and *W. E. Murchison,* for the plaintiff.
*Mr. R. P. Buxton,* for defendant.

AVERY, J.—after stating the facts: It is not necessary to pass upon the exception to so much of the deposition of C. H. Cofield, the bargainor in the deed alleged to be fraudulent, as bears upon the question of his good faith in executing it. The finding of the jury in response to the first issue, that it was made to defraud his creditors, eliminates from this discussion the competency of testimony that was palpably harmless unless the answer to that issue had been "No."

The deposition of Cofield was offered for the defendants, and omitting all that was the subject of exception, his testimony, that he sold the land to T. B. Rollins for sixty dollars, which was a "full and fair consideration," was allowed to go to the jury without objection. He was the acknowledged common source of title. The defendant Rollins claimed from him directly by virtue of the deed of May 1st, 1880, while the plaintiff claimed through mesne conveyances from a purchaser at Sheriff's sale, made February 21st, 1883, under

a judgment rendered against Cofield at the Spring Term, 1882, of the Superior Court of Harnett County. The objection, therefore, to allowing the defendant Rollins to testify, at a subsequent stage of the trial, that he paid Cofield sixty dollars for the land, and that was full value, is not tenable, because "the testimony   *   *   *   of the deceased per-on" (Cofield) had been "given in evidence concerning the same transaction" (the price paid and its inadequacy), and this case comes within the exception contained in the last clause of § 590 of *The Code.*

Testimony as to the private intention of a person when he executes a deed, is never competent for the purpose of changing its natural and obvious meaning, or adding new provisions, when its meaning is clear; but an ambiguous instrument can be construed by a parol testimony that does not contradict it   2 Whart. on Ev., §§ 935 to 939. Where, however, it is material to know whether a grantor acted in good faith in making a deed, or the motives of the grantee in taking the benefit of the conveyance, it is now an established rule that either may testify as to his intent in the transaction. Usually, circumstances that take a wide range, are deemed admissible to throw suspicion upon such transactions and impeach the integrity of the parties to them, and if a witness is competent to speak at all, his mouth cannot be sealed as to a question of which he has peculiar knowledge, and upon which the whole case depends. The rule has been laid down as a general one, applicable alike in civil and criminal cases, that a party will be allowed to testify, whenever his intent is material, subject to the exception already stated, that the evidence is not admissible, to vary the terms of a written instrument by which he is bound. Whart. on Ev., §§ 33, 482, 935; *Bedell* v. *Chase,* 34 N. Y , 386; *Tracy* v. *McManus,* 38 N. Y., 257; Whart. on Hom., § 520:

Particular facts are not admissible to prove the reputation of a party or witness to be either good or bad, for the reasons

that they do not necessarily tend to establish a general character; that they confuse the jury by raising collateral issues, and especially that a party is presumed to be ready to defend his own general reputation or that of his witnesses, but not to meet specific charges against either without notice. *Peterson* v. *Morgan*, 116 Mass., 350; Whart. on Ev., §56; *State* v. *Bullard*, 100 N. C., 486; *Barton* v. *Morphes*, 2 Dev., 520.

We think that there is no error in sustaining the objection to the testimony which plaintiff sought to elicit on the cross-examination of Grady, to the effect that some witness had testified on the trial of another action that C. H. Cofield had forged a deed. The evidence offered was not only incompetent upon the grounds just stated, but was amenable to the further objection that it was mere hearsay.

No error.                                Affirmed.