J. R. SHORT v. T. E. YELVERTON.

*Trial—Evidence—Irrelevancy of Evidence—Collateral Facts.*

1. To make evidence competent it must tend to prove the matter in dispute and not relate to collateral facts merely.

2. Where, in the trial of an action for the price of goods alleged to have been sold to the defendant, the contention was whether the sale was made to the defendant or his tenants and the defendant denied the purchase and introduced his tenants who testified that they bought the goods from plaintiff on their own account, at a certain price, it was error to permit plaintiff to prove that the goods cost him what defendant's witnesses claimed to have bought them for in order to show the unreasonableness of their testimony, since such matter was collateral to the issue and not a part of the *res gestae*. (Clark, J., dissents, *arguendo*.)

CIVIL ACTION tried before *Robinson, J.*, and a jury, on appeal from the judgment of a Justice of the Peace, at Fall Term of WAYNE Superior Court. There was a verdict for the plaintiff and from the judgment thereon defendant appealed, assigning as error the admission of certain evidence referred to in the opinion of the Court.

*Messrs. Allen & Dortch*, for plaintiff.
*Mr. W. C. Monroe*, for defendant (appellant).

FURCHES, J.: This action was brought to recover the price of fertilizers which the plaintiff alleges he sold to the defendant and delivered to the defendant's tenants, as directed to do by the defendant. The defendant denied that he bought any fertilizer of plaintiff, or that he ever agreed to pay for fertilizers to be delivered to his tenants. The plaintiff testified that he sold the fertilizers to the defendant to be delivered to his tenants (the Bentons) at the price of 325 pounds lint cotton per ton. The defendant introduced the Bentons as witnesses, both of whom testified that they bought the fertilizer of the plaintiff on their own account at the price of $20.50 per ton and that the defendant Yelverton had nothing to do with it. The plaintiff was then allowed, under objection of defendant, to prove by Junius Slocumb, the book-keeper of Weil the party from whom plaintiff bought the guano, that he was to pay $20.25 per ton, upon the same time the Bentons testified they were to have it—the plaintiff having testified that it cost him 25 cents per ton to deliver the fertilizer.

The court in charging the jury, among other things, said: "In coming to a conclusion, you may consider the reasonableness of the evidence of any or all the witnesses. For instance, you may consider whether it is reasonable to believe that the plaintiff sold the guano at what it cost him, on the same time."

In the admission of this evidence there was error and, emphasized as it was in the charge of the court, it is most likely that it prejudiced the defendant's case. To make evidence competent and admissible "it must tend to prove the issue in dispute," 1 Greenleaf Ev., Sec. 51. "Collateral facts, that is, facts collateral to the fact to be proved, are inadmissible," *Greenleaf, supra*, Sec. 52. The issue in this case was not the value of the guano, but whether there was a contract of sale.

The evidence of Slocumb is no part of the *res gestae*. It is not an admission of defendant. It is not in corroboration of the testimony of any witness. It does not show motive. It affords an argument, but not a reason to sustain the plaintiff's contention. It is collateral to the issue and "too remote to be allowed in evidence." 1 Best on Evidence, Sec. 251 and 252.

There are exceptions to the charge of the court, but as the error pointed out entitles the defendant to a new trial, and as these exceptions will not likely arise on a new trial, we have not considered them.

Error.

CLARK, J., dissenting: The issue submitted was "what amount if any, is defendant indebted to the plaintiff?" There was conflict of evidence as to the liability and, if any, the testimony conflicted further as to the price.

There being a conflict in the evidence as to what was the price agreed upon by the parties, the fact that the price asserted by the vendee was not above the cost of the article to the vendors was *some* evidence to be submitted to the jury. As the vendors were conducting their business for profit, this was some evidence tending to corroborate their testimony that they agreed upon a higher price. "It is not necessary that the evidence should bear *directly* on the issue. It is admissable if it *tends* to prove the issue or constitutes a link

in the chain of proof, although alone, it might not justify a
verdict in accordance with it." *Greenleaf Ev.,* Sec. 51a.
*Taylor Ev.,* (Sec. 316) after quoting this rule in the same
words says : "While the Judge should reject as too remote
every fact which furnishes a fanciful analogy or conjectural
inference, he may admit as relevant the evidence of all those
matters which shed a real, though perhaps an indirect and
feeble light, on the question in issue." "In doubtful cases,
and in the absence of better evidence, the actual cost of the
thing to the seller is relevant to the question of its value,"
Abb. Trial Ev., 307. "In such cases, evidence of the price
paid by vendors is competent. The authorities on this subject
are decisive and uniform, and we think the rule they establish
is sound in principle." *Wells* v. *Kelsey,* 37 N. Y., 143, citing
several cases. "It has been held that what a party paid for
property is some evidence of its value." *Hoffman* v. *Connor,*
76 N. Y., 121, citing several authorities. The value of the
articles, and still more the cost of the same, was competent,
not to contradict an agreement as to price if it had been
shown, but to aid the jury in coming to a conclusion upon
the conflicting evidence as to what was the price agreed on.
"The direct evidence being evenly balanced, the jury could
consider and weigh the probabilities, and the evidence there-
of is competent." *Nelson* v. *Davis,* 6 Am. Rep. 568; *Harris*
v. *Railroad,* 58 N. Y., 660; Abb. Trial Ev., 305, 309. In
my opinion it was very pertinent and useful to the jury, as
it would have been to any one outside a jury box in coming
to a conclusion as to which of the two parties, if of equal
character, was right as to the agreement, and His Honor
properly admitted it for that purpose, as he told the jury.