J. D. SHEPHERD AND W. D. COPE v. THE W. T. MASON LUMBER COMPANY.

(Filed 30 May, 1914.)

**Appeal and Error—Trials—Evidence Prejudicial—Fraud.**

In an action brought by individuals against a lumber corporation to recover damages for fraudulent. representations as to the quantity and quality of timber owned by the defendant and purchased by the plaintiffs in certain localities, it is reversible error on the defendant's appeal for the court to admit evidence of a separate and different transaction whereby the plaintiffs had mortgaged their homes to the defendant, and had lost them under foreclosure of the mortgage; for such evidence could only be used for the purpose of unduly influencing the jury against the defendant in determining the issues of fraud, and would likely have that result. *Jones v. Pullen,* 115 N. C., 465, and that line of cases, cited and distinguished.

APPEAL by defendant from *Ferguson, J.,* at October Term, 1913, of SWAIN.

This action was brought to recover damages for the false and fraudulent representations of defendant as to the quantity and quality of felled timber on the waters of Bunches Creek, and on the yard situated on Mingo Creek, the amount of timber on Bunches Creek having been represented to be 2,000,000 feet, and that on Mingo Creek, in the yard, as 500,000 feet. Issues were submitted to the jury, and the following verdict rendered:

1. Did the defendant, W. T. Mason Lumber Company, through its legally authorized agent, falsely represent to the plaintiff the quantity and quality of felled timber on the waters of Bunches Creek, referred to in the contract of 14 October, 1911? Answer: Yes.

2. Were such representations, if made, known to the defendant, at the time said contract was entered into, to be false, or were they made without the knowledge of the truth, as a positive assertion? Answer: Yes.

3. Were such false representations, if any, made with the intent to deceive the plaintiffs to their injury? Answer: Yes.

4. Were the plaintiffs induced to enter into said contract solely because of said representations? Answer: Yes.

5. Did the plaintiffs have ample opportunity, prior to the entering into said contract, to have examined the quantity and quality of said timber? Answer: No.

6. Were they, by any trick or artifice on the part of the defendant, prevented or kept from making such examination? Answer: Yes.

7. What damage, if any, have the plaintiffs sustained by reason of such representations? Answer: $700.

8. Did the defendant, W. T. Mason Lumber Company, through its legally authorized agent, falsely represent to the plaintiff the quantity and quality of the logs to be sawed into lumber on the yard on Mingo Creek, as alleged in the complaint? Answer: Yes.

9. Were such representations, if made, known to the defendant to be false at the time they were made? Answer: Yes.

10. Were such false representations, if any, made with the intention, on the part of the defendant to deceive the plaintiffs to their injury? Answer: Yes.

11. Were the plaintiffs induced to enter into the agreement to saw said logs on Mingo Creek solely by reason of said representations? Answer: Yes.

12. Did the plaintiffs have ample opportunity, prior to entering into said agreement and prior to moving their mill to Mingo Creek, to have examined the quantity and quality of logs and the character of roads leading thereto? Answer: No.

13. Were the plaintiffs, by any trick or artifice on part of defendant, prevented or kept from making such examination? Answer: Yes.

14. What damage, if any, are the plaintiffs entitled to recover on account of false representations as to quantity of logs on Mingo Creek? Answer: $800.

15. Did the plaintiffs wrongfully abandon the performance on their part of the contract of 14 October, 1911, and fail and refuse to perform the same? Answer: No.

16. If so, what damages has the defendant sustained on account of said abandonment of said contract? Answer: None.

Judgment was entered thereon, and defendant appealed.

*No counsel for plaintiff.*
*Zebulon Weaver and Frye, Gantt & Frye for defendant.*

WALKER, J., after stating the case: There was much evidence taken as to the false representation, but we do not deem it necessary to consider the exceptions to it or to the charge, as we think error was committed in the admission of certain testimony. The plaintiffs' witness, W. D. Cope, was permitted to testify, after objection by the defendant, that the plaintiffs had given a deed of trust on their home place to the defendant to secure a loan of $500. We have examined the case critically with a view of ascertaining what possible relevancy this testimony had to the matter in dispute, and find it has none; yet it was admitted and allowed to be used before the jury as a material fact in the case. It is readily seen how it was prejudicial to the defendant,

if we consider the nature of the case, and of the other testimony, the direct question involved, and how little would be required to turn the scales against the defendant. The minds of the jurors should not be diverted from the precise questions in issue by the introduction into the case of collateral and irrelevant matters, especially such as are calculated to prejudice one of the parties and prevent a fair and impartial trial; and especially is this so where, as in this case, the defendant is charged with the commission of a fraud. It was competent for plaintiffs to show what their damages were and what outlay they had made in consequence of the fraud, if any was practiced; but it was not relevant to this controversy that they should be allowed to inquire as to the kind of mortgage they had made to the defendants for the purpose of borrowing money, with the view of showing that it rested upon their home place, and thus appeal to the sympathy of the jury. The evidence was improper and should have been excluded.

The case is not like that of *Lea v. Pearce,* 68 N. C., 76; *Whitehead v. Hellen,* 76 N. C., 99; *McLeod v. Bullard,* 84 N. C., 516; *Jones v. Pullen,* 115 N. C., 465, and others of a like kind, where as between trustor and trustee, mortgagor and mortgagee, and persons occupying other fiduciary relations towards each other, the law raises a presumption of fraud or undue influence because of the power and influence which the one is supposed to have over the other, and requires the former to rebut the presumption and show the fairness and good faith of the transaction, and that the result was attained without the use of any such power or influence. In those cases the mortgagee had dealt directly with the mortgagor in purchasing the equity of redemption. But not so here, for there was no dealing between these parties with reference to the purchase of the plaintiffs' home, which had been mortgaged by the defendant. The evidence had no bearing on the issues, and could not have been used, and we must assume that it was used, as that was its only use, to weaken the defendant in answering the charge of fraud in regard to the sale of the timber. "Where the inadvertent effect of receiving immaterial evidence has been to injure a party by

exciting sympathy for his adversary, or hostility to himself, or in any other way, its admission constitutes reversible error." 16 Cyc., 1115. As said in *Denning v. Gainey,* 95 N. C., 532, there was no legitimate use to be made of the proposed inquiry, and it was calculated to prejudice the minds of the jury, and its exclusion was proper. Where this was the case, a similar question, and having the same general bearing, was asked in *Hutchins v. Hutchins,* 98 N. Y., 56, where the Court said: "Illegal evidence that would have a tendency to excite the passions, arouse the prejudices, awaken the sympathies, warp or influence the judgment of the jurors in any degree, cannot be considered as harmless." Citing *Anderson v. R. R.,* 54 N. Y., 334, and quoting from *Judge Larned's* opinion in the court below as follows: "Nothing could be better fitted to divert the minds of the jury from the true issue than a pathetic contrast between the widow of a rich brother and the poor defendant." And the same may be said of this evidence, which was "fitted" to present just such a situation: the poverty of plaintiffs, who had lost their home by the mortgage, and the wealth of the defendant, who owned broad acres of timber land.

This error entitles the defendant to another jury.

New trial.