STATE v. CLEVELAND GALLOWAY AND LEE EVERETT.

(Filed 22 October, 1924.)

**1. Evidence—Gaming—Criminal Law—Prejudice—Statutes—Appeal and Error.**

Where the defendants admit keeping gaming tables for which they were indicted under the provisions of C. S., 4433, they may not sustain their exception to the admission of evidence tending to show they were continuously present at the place, and as a foundation for further evidence tending to show their large share in the receipts of these tables, and other relevant circumstances, on the ground that it prejudiced them with the jury and was immaterial to the issue.

**2. Same—Instructions.**

An instruction based upon the evidence on a criminal trial embodying the lower degrees of the crime charged in the indictment, is not erroneous.

APPEAL by defendants from *Calvert, J.,* at May Term, 1924, of NEW HANOVER.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Herbert McClammy and W. F. Jones for defendants.*

ADAMS, J. The defendants were convicted of the offense of keeping gaming tables in breach of section 4433 of the Consolidated Statutes, and from the judgment pronounced they appealed to this Court. They admitted that the house in which the tables were kept was a "gambling house" and that games of chance were played there.

The first seven assignments of error relate to the admission of evidence. A witness for the State was permitted to describe the tables, slot machines, and other gaming devices found in the house, and to show that games of chance had been played there for a long period of time. The defendants excepted for the assigned reason that in view of their admission as to the games and the character of the house this testimony was unnecessary and prejudicial to their defense.

We have held that the trial court should exclude evidence which is foreign to the controversy, or insufficient, or wholly collateral, or harmful in its tendency only to arouse prejudice or excite passion or to warp the judgment of the jury. *Dellinger v. Building Co.,* 187 N. C., 845, 849; *Shepherd v. Lumber Co.,* 166 N. C., 130; *Short v. Yelverton,* 121 N. C., 95; *S. v. Jones,* 93 N. C., 611. But the evidence excepted to is not incompetent on either of these grounds. It was apparently offered primarily for the purpose of laying a foundation for testimony that the defendants with knowledge of the situation were constantly in attendance upon the games and in fact received two-thirds of the profits derived therefrom. The circumscribed admission of the defendants should not be invoked as a means of excluding evidence material to the State's proof of the essential elements of the offense charged in the indictment.

The several exceptions to the charge cannot be sustained. The defendants contended that incompetent evidence was made the basis of certain instructions by which the jury was misled. We have held that this evidence was admissible; and the statute requires the judge to state in a plain and correct manner the evidence given in the case and to declare and explain the law arising thereon. C. S., 564. Moreover, these instructions were the mere recital of contentions and embodied no erroneous statement of law. *S. v. Ashburn,* 187 N. C., 717, 722. *S. v. Reagan,* 185 N. C., 710; *S. v. Johnson,* 172 N. C., 920.

We find

No error.