T. F. HILL v. HELEN HILL.

(Filed 9 January, 1929.)

**1. Divorce—Action for Absolute Divorce—Evidence of Adultery.**

In an action against the wife for absolute divorce, evidence that she was given to profanity and evidence by a court record that her sister was arrested for disorderly conduct is irrelevant and incompetent upon the issue of adultery.

**2. Same—Character Evidence.**

In an action against the wife for absolute divorce, testimony on direct examination that she was guilty of profanity is incompetent as character evidence as being evidence of specific misconduct, and not as to her general reputation.

APPEAL by defendant from *Moore, J.,* at February Term, 1928, of BUNCOMBE.

Civil action for divorce, *a vinculo,* upon the alleged ground of adultery.

There is evidence on the record tending to show adultery on the part of the defendant, though her testimony in this regard is in direct conflict with that offered by the plaintiff.

Will Miller, a witness for the plaintiff, was allowed to testify, over the defendant's objection, as follows:

"Q. Have you ever heard any profanity being used by the defendant? A. Plenty of it.

Q. State the nature of the language used. A. Just as bad as could be. I have heard her curse as bad oaths as ever came from any man's throat, with the children there."

HILL v. HILL.

Again, over defendant's objection, plaintiff was allowed to show by court record that Gertrude Jones, sister of the defendant, who lived in the same house with her, was arrested in January, 1927, charged with disorderly conduct.

From a verdict and judgment in favor of plaintiff, the defendant appeals, assigning errors.

*No counsel for plaintiff.*
*Roberts, Young & Lane for defendant.*

STACY, C. J. We think the evidence tending to show the use of profanity on the part of the defendant and the arrest of Gertrude Jones, charged with disorderly conduct, in this action for divorce, should have been excluded, seasonable objections having been made to its admission. It could hardly be said that either circumstance, on the facts of the present record, was relevant or competent to show the defendant's alleged adultery. *Shepherd v. Lumber Co.,* 166 N. C., 130, 81 S. E., 1064.

Speaking to the first question in *Nixon v. McKinney,* 105 N. C., 23, 11 S. E., 154, *Avery, J.,* delivering the opinion of the Court, said: "Particular facts are not admissible to prove the reputation of a party or witness to be either good or bad, for the reasons that they do not necessarily tend to establish a general character; that they confuse the jury by raising collateral issues, and especially that a party is presumed to be ready to defend his own general reputation or that of his witnesses, but not to meet specific charges against either without notice," citing as authority for the position: *Peterson v. Morgan,* 116 Mass., 350; Whart. on Ev., sec. 56; *S. v. Bullard,* 100 N. C., 486; *Barton v. Morphes,* 13 N. C., 520.

And in regard to the second, *Connor, J.,* speaking for the Court in *Martin v. Knight,* 147 N. C., 564, 61 S. E., 447, said: "It is clear that a paper-writing or record containing no information upon which an inference could be drawn in regard to the matter in controversy is irrelevant and inadmissible for any purpose."

For the errors, as indicated, a new trial must be awarded, and it is so ordered.

New trial.