STATE v. JAMES PAGE.

(Filed 22 March, 1939.)

**1. Rape § 7—Testimony that prosecutrix was widowed and was working to support herself and young son held irrelevant.**

In a prosecution for rape the issue is whether defendant committed the act charged upon the prosecutrix, and her testimony tending to show that she was widowed and had accepted employment as a model in a show in order to support herself and young son when the crime was alleged to have been committed by a Negro follower of the show, is irrelevant, and since the testimony might have aroused sympathy for the prosecutrix or prejudice against the defendant in the minds of the jurors, its admission must be held prejudicial.

**2. Criminal Law § 81c—**

The admission of irrelevant evidence is not necessarily prejudicial, but when the evidence may have the effect of creating prejudice against defendant or sympathy for the prosecutrix in the minds of the jurors, its admission must be held for reversible error, especially where defendant has been convicted for a capital crime.

APPEAL by defendant from *Cowper, J.,* at November Term, 1938, of BEAUFORT. New trial.

The defendant was convicted of rape, and from a judgment of death by asphyxiation appealed to the Supreme Court, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*H. S. Ward, L. H. Ross, and W. B. Carter for defendant, appellant.*

SCHENCK, J.   The prosecutrix, Mary McGann, on her direct examination and before any other witness had testified, was allowed, over objection and exception of the defendant, to testify substantially that she now had a living child born to her after the death of her husband, that she and her husband were not divorced and were living together at the time of his death, that she, the prosecutrix, had a job in New York first as an usherette in a theatre and then in a fur factory making coats, that this last job was a seasonal one and expired in March, 1938, and that she got a job with a show in April following because there was no other work for her to be had in New York, and she had to make a living for herself and her one-year-and-eight-months-old son, who was then living with her mother in Chicago; that she came to Washington, N. C., with the show and that her act therein was posing as a model of famous paintings.

This evidence is irrelevant.   "The criterion of relevancy is whether or not the evidence adduced tends to cast any light upon the subject of the inquiry."   Wharton's Criminal Evidence (11 Ed.), Vol. 1, par. 224, p. 268.   "The subject of inquiry" was whether rape had been committed upon the prosecutrix by the defendant, and whether· she was widowed and had herself and a young son to support, and for the reason work could not be had in New York she had accepted employment by a show as a model cast no light upon this subject.

However, the mere irrelevancy of the testimony under consideration cannot be held for reversible error, and we are confronted with the question as to whether its admission was harmful and prejudicial.   Under the facts and circumstances of this case we are constrained to answer in the affirmative, upon the theory that such testimony was calculated to warp the judgment of the jury by creating sympathy for the prosecutrix and exciting prejudice against the defendant.

The prosecutrix is a young white woman, twenty-two years old, and was allowed to picture herself as being away from home, working in a show to support herself and infant son, and the defendant is a thirty-year-old Negro man, a follower of the show.   It would take little under these circumstances to arouse in the minds of the jury sympathy for the prosecutrix and to excite therein prejudice against the accused, and we cannot but feel that the admission of the testimony assailed had a tendency to and may have brought about such a result, and for that reason was prejudicial to the defendant.

In speaking of the result of the admission of irrelevant testimony, *Smith, C. J.,* in *S. v. Mikle,* 81 N. C., 552, quotes *Patton v. Porter,* 48 N. C., 539, in reference to a civil case, as follows: "This was, of course, improper, and as the jury *may* have been misled, we think the plaintiffs

are entitled to a *venire de novo,*" and adds, "Much more forcibly does the rule apply to a conviction of a capital crime, when the verdict *may* have resulted from the prejudicial effect of the evidence."

In *S. v. Jones,* 93 N. C., 611, *Ashe, J.,* in referring to the result of the admission in evidence, over objection, of writs of *capias* with the sheriff's return "not to be found," when there was no evidence that the defendant ever resided in the county to which the writs were issued, says: "We are of the opinion that the evidence was improperly admitted. It was no evidence of flight. It was therefore irrelevant, and may have exerted a prejudicial effect upon the minds of the jury, and when that is so, it is a ground for a new trial."

"Evidence which is offered solely for the purpose of creating sympathy for the accused, or which is offered for the sole purpose of improperly appealing to the prejudice of the jury against the accused, should be excluded." Wharton's Criminal Evidence (11 Ed.), Vol. 1, par. 230, p. 274.

"The minds of the jurors should not be diverted from the precise questions in issue by the introduction into the case of collateral and irrelevant matters, especially such as are calculated to prejudice one of the parties and prevent a fair and impartial trial; and especially is this so where, as in this case, the defendant is charged with the commission of a fraud." *Shepherd v. Lumber Co.,* 166 N. C., 130.

"It is true that the trial judge should exclude evidence which is foreign to the issues, or insufficient for legitimate use, or illegal as tending only to excite passion, arouse prejudice, awaken the sympathy, or warp the judgment of the jury." *Dellinger v. Building Co.,* 187 N. C., 845; *S. v. Galloway,* 188 N. C., 416.

In a New York case wherein the defendant was on trial for murder, the wife of the deceased was allowed, over objection, to testify that she had sat at the crib and sung the infant child of the deceased to sleep on the night of the homicide, and the Court, in sustaining the objection and granting a new trial, says: "All this had no materiality upon the issues before the jury. The object of the State is clear. Although, doubtless, the result of 'well intentioned though misguided zeal,' it was an 'unseemly and unsafe' appeal to prejudice. Nor here can we overlook it as probably unheeded." *People v. Caruso,* 246 N. Y., 437. See, also, *Hutchins v. Hutchins,* 98 N. Y., 56; *Anderson v. Rome W. & O. R. R. Co.,* 54 N. Y., 334.

"Error in the admission of evidence which apparently affected the jury in their verdict is ground for reversal. . . . So the admission of evidence which tends to distract the attention of the jury from the real issues in the case is harmful error and ground for reversal. Likewise, the admission of evidence which, although immaterial, tends to

mislead the jury, or to provoke sympathy for the party offering the evidence, is ground for reversal, . . ." 4 C. J., par. 2953, pp. 972-3-4. See, also, 5 C. J. S., Appeal and Error, par. 1724 (2), p. 971.

While there was other testimony and other evidence, the determinative question presented to the jury in the instant case was whether the facts were substantially as testified by the prosecutrix, or were substantially as testified by the defendant. The prosecutrix testified in effect that the rape was accomplished by the defendant in her tent by placing her in fear of her life if she resisted, and that the act of *coitus* extended continuously and uninterruptedly for a space of one hour and forty-five minutes to two hours. The defendant admitted that he was present in the tent of the prosecutrix at the time charged for the purpose of getting back money she had gotten from him, but denied that he had, or attempted to have, carnal knowledge of the prosecutrix. It cannot be said with assurance, under the facts and circumstances of this case, that the verdict of the jury was entirely free from the baneful influence of irrelevant and immaterial evidence, and for that reason there must be a

New trial.