## STATE v. ROBERT LEE WALL.

(Filed 14 December, 1955.)

**1. Automobiles § 59—**

The evidence in this case, taken in the light most favorable to the State, *is held* sufficient to take the case to the jury on the charge of manslaughter.

**2. Automobiles § 60—**

The charge of the court in this prosecution for manslaughter *is held* prejudicial in failing to delineate between actionable negligence in the law of torts and culpable negligence in the law of crimes.

**3. Automobiles § 76—**

Where the evidence discloses that defendant's vehicle was totally disabled in the collision, defendant cannot be convicted of violating G.S. 20-166 (a), and nonsuit on such charge should be granted.

**4. Same—**

Where the evidence discloses that the persons, other than defendant, riding in the cars involved in the collision were either killed or knocked unconscious, defendant cannot be convicted of failing to give his name, address, operator's license number and the registration number of his vehicle to such persons, since the law does not require the doing of a vain thing. G.S. 20-166 (c).

**5. Same—**

The evidence in this case, considered in the light most favorable to the State, *is held* sufficient to take the case to the jury on the issue of defendant's guilt of failing to render assistance to persons injured in a collision in which his car was involved, under the existing circumstances.

**6. Same—**

In a prosecution of defendant for failing to render assistance to persons injured in a collision in which defendant's car was involved, testimony tending to establish that persons were injured in the collision is competent, but testimony of doctors describing in minute detail the injuries each of the injured persons sustained as appeared when examined in the hospital, the treatment administered, and the condition of each at the time of the trial, is irrelevant and prejudicial.

**7. Criminal Law § 29a: Evidence § 24—**

While relevant evidence will not be excluded simply because it may tend to prejudice the jury or excite its sympathy, if the only effect of the evi-

dence is to excite prejudice or sympathy, its admission may be ground for a new trial.

**8. Automobiles § 76—**

A defendant may not be convicted of failing to give assistance to a person injured in a collision when the evidence discloses that such person was instantly killed in the collision.

APPEAL by defendant from *Williams, J.,* at March 1955 Criminal Term, of WAKE.

Criminal prosecution upon two bills of indictment:

I. Charging in No. 626 that, on 15 January, 1955, at and in the County of Wake, with force and arms Robert Lee Wall (1) unlawfully, wilfully and feloniously did kill and slay one Jerry Devon Thomas, against the form of the statute, etc., and (2) he, being the driver of a motor vehicle involved in an accident resulting in death to Jerry Devon Thomas and injuries to William Poole, Johnny Purdy and Kenneth Easley (a) did then and there unlawfully, wilfully and feloniously fail to stop the said vehicle at the scene of the accident, and (b) did then and there unlawfully, wilfully and feloniously fail to give his name, address, operator's and chauffeur's license number and the registration number of his vehicle to the person so struck and the driver and occupants of such vehicle collided with, and (c) did fail to render reasonable assistance to the said Jerry Devon Thomas, William Poole and Kenneth Easley, it being apparent that such assistance was necessary against the form of the statute, etc.

II. Charging in No. 627 that, on 15 January, 1955, at and in the County of Wake, with force and arms, Robert Lee Wall (1) unlawfully, wilfully and feloniously did kill and slay one Felix Frazier against the form of the statute, etc., and (2) he, being the driver of a motor vehicle involved in an accident, resulting in death to Felix Frazier, did then and there fail to give his name, address, operator's and chauffeur's license number and the registration number of his vehicle to the person so struck and the driver and occupants of such vehicle collided with, and did fail to render reasonable assistance to the said Felix Frazier it being apparent that such assistance was necessary against the form of the statute, etc.

Plea: Not Guilty.

The cases were consolidated for purpose of trial under circumstances detailed. Defendant excepted.

Verdict: In No. 626—(1) Guilty of manslaughter. (2) Guilty of leaving scene of accident without rendering aid, etc.

In No. 627—(1) Not guilty of manslaughter. (2) Guilty of leaving scene of accident without rendering aid, etc.

Judgment: (1) On manslaughter charge, ten years in State's Prison assigned to work the road under the supervision of the State Highway and Public Works Commission.

(2) On charge under the statute (G.S. 20-166, Subsections "a" and "c") in No. 626, confinement in the State's Prison for a period of five years and assigned to work under the order and direction of the State Highway and Public Works Commission, and

(3) On the same count, in case No. 627, confinement in the State's Prison for five years and assigned to work under the order and direction of the State Highway and Public Works Commission; "sentence to run concurrently. The first sentence of these two latter ones to begin at the expiration of the sentence on the manslaughter charge."

To the pronouncement of judgment, defendant excepts and appeals to Supreme Court.

*Attorney-General Rodman and Assistant Attorney-General Giles for the State.*

*Thos. W. Ruffin for defendant, appellant.*

WINBORNE, J. Consideration of the seven assignments of error, based upon one hundred twenty-nine exceptions taken during the course of the trial and to the charge of the court, reveals error for which defendant is entitled to partial relief and a new trial.

As to assignments of error based upon exceptions to denial of motions for judgment as of nonsuit: First—In reference to first count, or manslaughter charge, in No. 626—The Court is of opinion and holds that the evidence offered upon the trial, taken in the light most favorable to the State, is sufficient to take the case to the jury. Hence the motion in respect to this count here considered was properly overruled.

Nevertheless assignments of error based upon exceptions to the refusal of the trial court to give certain requests for instruction in respect to culpable negligence, and in charging, and in failing to charge the jury in respect thereto appear to be valid. See *S. v. Cope*, 204 N.C. 28, 167 S.E. 456; *S. v. Wooten*, 228 N.C. 628, 46 S.E. 2d 868.

Applicable principles of law are found in the *Cope case* where in opinion by *Stacy, C. J.*, the line which separates the principle of actionable negligence in the law of torts, and that of culpable negligence in the law of crimes is delineated, and in accordance therewith previous decisions of this Court are aligned. It is sufficient to refer to what is said there.

As there must be a new trial on the manslaughter charge, this Court refrains from discussion of the evidence.

Second—In reference to the second count in each of the two bills of indictment—It is appropriate to advert to the statute G.S. 20-166 (a) and (c) under which defendant is indicted. This statute provides in subsection (a) that "The driver of any vehicle involved in an accident or collision resulting in injury or death to any person shall immediately stop such vehicle at the scene of such accident or collision, and any person violating this provision shall upon conviction be punished as provided in Sec. 20-182."

And this statute also provides in subsection (c) that "The driver of any vehicle involved in any accident or collision resulting in injury or death to any person or damage to property shall also give his name, address, operator's or chauffeur's license number and the registration number of his vehicle to the person struck or the driver or occupants of any vehicle collided with, and shall render to any person injured in such accident or collision reasonable assistance, including the carrying of such person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by the injured person, and it shall be unlawful for any person to violate this provision, and such violator shall be punishable as provided in Sec. 20-182."

Now, with respect to so much of the offense as charges in each case failure "to stop his automobile at the scene of the accident": Proof of this charge is wholly lacking. Alton Alford, witness for the State, in describing the movement of the automobiles at the scene of the accident testified: "The Oldsmobile being driven by Robert Lee Wall passed me on the right . . . and traveled down the shoulder of the road, struck a mail box, swerved across the road and went on into some pines and stopped . . ."

And State Highway Patrolman Wicker, as witness for the State, testified: "It was perfectly plain and obvious when I got up there to the Oldsmobile of Robert Lee Wall's that as he had told me, it had gone out of control and had run off the road, had hit a mail box and cut off to the left and went up in the bushes, so that it was perfectly apparent to me that that car . . . was disabled; it had to be pulled in . . ."

And with respect to so much of the offense as charges failure "to give his name, address, operator's or chauffeur's license number and the registration number of his vehicle to the person so struck and the driver and occupants of such vehicle collided with": In this connection in Number 626 the evidence offered on trial below tends to show that the Chevrolet automobile was operated by William Poole, who was accompanied by Johnny Purdy, Jerry Thomas and Kenneth Easley; and that Jerry Thomas was killed, and the other three were severely injured—all three being unconscious when they reached the hospital. And there

is no evidence that at the scene of the accident any of them, driver, or occupants, was in condition to receive the items of information enumerated in the statute. Giving the information would have been a useless gesture. This the law does not contemplate. Thus defendant was guilty of no offense in failing to do a vain thing.

And in this connection in Number 627, the evidence shows that Felix Frazier, operator of the Buick, was alone at the time, and that he was killed. Hence it would have been useless to attempt to give to him information so enumerated. And defendant committed no crime in this respect.

With respect to so much of the offense in Number 626 as charges failure "to render reasonable assistance to the said Jerry Devon Thomas, William Poole and Kenneth Easley, it being apparent that such assistance was necessary": This Court is of opinion and holds that the evidence in this case, when taken in the light most favorable to the State, is sufficient to take the case to the jury as to whether under the circumstances then existing defendant failed to render reasonable assistance to the injured persons, if it were apparent that such assistance was necessary. But in this connection testimony of two doctors describing in minute detail the injuries each of the injured persons sustained as appeared when examined in the hospital, the treatment administered and the physical condition of each at the time of the trial, was irrelevant, and calculated to unduly prejudice defendant and the admission of it in evidence entitles him to a new trial on this phase of the second count.

Relevant evidence will not be excluded simply because it may tend to prejudice the opponent or excite sympathy for the cause of the party who offers it. On the other hand, if the only effect of the evidence is to excite prejudice or sympathy, its admission may be ground for a new trial. Stansbury's North Carolina Evidence, Sec. 80, p. 143; *S. v. Galloway,* 188 N.C. 416, 124 S.E. 745; *S. v. Page,* 215 N.C. 333, 1 S.E. 2d 887. Compare *S. v. Gardner,* 228 N.C. 567, 46 S.E. 2d 824.

In this connection in Number 627 the evidence discloses, as above stated, that Felix Frazier was killed in the accident. This phase of the statute manifestly pertains to giving assistance to injured persons. Therefore for the reasons hereinabove stated in respect to the several phases of the charge defendant is entitled to an acquittal on the second count. Hence judgment as of nonsuit on the second count in Number 627 will be entered in Superior Court.

Other assignments of error need not be expressly treated. The matters to which they relate may not recur upon another trial.

For reasons stated,—in No. 626

New trial.

In No. 627—second count,
Reversed.