STATE OF NORTH CAROLINA v. DARRELL DELANE GATEWOOD

No. 7918SC838

(Filed 1 April 1980)

1. **Automobiles § 131.2— failure to give required information after accident—jury instructions improper**

    In a prosecution of defendant under G.S. 20-166(c) for failing to give required information to the person struck or the driver or occupants of any vehicle collided with and for failing to render reasonable assistance where the evidence tended to show that, immediately after colliding with a pedestrian, defendant swerved to the left and sideswiped an approaching vehicle, the trial court erred in instructing the jury that defendant would have violated the statute if he drove the vehicle involved in an accident with the pedestrian resulting in her death and he failed to give the required information to the driver of the vehicle which defendant sideswiped immediately after striking the pedestrian.

2. **Criminal Law § 26.4— automobile accident—failure to give required information—failure to render assistance—only one issue submitted to jury—attachment of jeopardy**

    Where defendant was charged under a valid indictment with a violation of G.S. 20-166(c) both by failing to give required information to people involved in an automobile accident and by failing to render reasonable assistance, but the trial court did not instruct the jury that it could find defendant guilty of violating the statute by failing to render assistance to a pedestrian whom he had struck and killed, defendant could not thereafter be tried for that offense, since he could not be put in jeopardy for any offense of which he could lawfully have been convicted under that indictment.

APPEAL by defendant from *Mills, Judge*. Judgment entered 20 April 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 31 January 1980.

The indictment charged that on 21 September 1978, the defendant, being the driver of a motor vehicle involved in an accident resulting in the death of Mable Jane Durham, (1) failed to immediately stop the vehicle at the scene [N.C. Gen. Stat. 20-166(a)], and (2) failed to give his name, and other required information, to the person struck and the occupants of such vehicle collided with, and failed to render aid to the person injured [N.C. Gen. Stat. 20-166(c)].

Defendant pled not guilty. The trial judge, in instructing the jury, did not charge on a violation of N.C. Gen. Stat. 20-166(a) but stated that "the defendant has been accused of failing to give the required information after an accident involving injury or death."

### STATE'S EVIDENCE

Defendant, age 34, a supervisor in the telephone installation division of Southern Bell Telephone and Telegraph Company, about 5:15 p.m. on 21 September 1978, was driving a company owned and marked Ford Pinto in an easterly direction on Pleasant Ridge Road. Mable Jane Durham, age 73, walked from the north side of the road behind a car approaching the defendant across the westbound lane and into the eastbound lane in front of defendant's automobile. Defendant's automobile struck her, severed her leg, threw her head and upper body onto the windshield of the Pinto, and caused her instant death.

Defendant at impact swerved to the left, sideswiped an oncoming vehicle operated by Ben Sloan, who was not personally injured. Defendant stopped his Pinto. The accident scene was gruesome and within minutes attracted hysterical members of Ms. Durham's family and others.

Immediately after stopping, defendant went to the body of Ms. Durham, then ran to a nearby mobile home to locate a telephone. Not finding anyone there, he then went to another home where he found Ben Sloan and asked him to call the Rescue Squad. Sloan replied that he had done so. Defendant told him he was driving the company car.

Defendant left the scene. He did not provide Sloan or any other person at the scene his name, address, or driver's license.

Highway Patrol Trooper Bullard did not find defendant at the scene, but he called Southern Bell and found that the car was assigned to defendant.

The following morning Highway Patrol Trooper Patterson was advised that defendant was in the Sheriff's office. Patterson went to the office and advised defendant of his *Miranda* rights. At that time defendant told him that he had no recollection of what he did after he walked behind a house and "threw up," that when he "came to" he was in the woods about 5:00 a.m., and that he walked to a friend's house and was taken home where he called a Deputy Sheriff.

### DEFENDANT'S EVIDENCE

Defendant testified that Ms. Durham suddenly appeared in front of his car and he was unable to avoid striking her. He immediately stopped and saw her mutilated body. He went to a nearby house to find a phone, saw Ben Sloan, who told him the Rescue Squad and the police had been called. He then went behind the house and vomited, and he remembered nothing after that until about 4:00 a.m. when he was walking in the woods. He then walked to a friend's house. The friend took him home where he called the Sheriff's Department. Deputy Sheriff DeBerry came to his home, and then he went to the Sheriff's office with DeBerry where he made a statement to Trooper Patterson.

Howard Clark testified that he was driving in a westerly direction on Pleasant Ridge Road, that he saw Ms. Durham at the north edge of the pavement and saw her walk from behind his car as he passed and into the path of defendant's Pinto, and that she was knocked about twenty feet high. He returned to the scene and then got sick. The scene was one of general hysteria.

Other people at the scene saw defendant and thought he was in a state of shock or sick.

Dr. Kenneth Epple, psychiatrist, testified that he examined defendant on four occasions for a total period of five hours, that defendant had a sensitive personality, and in his opinion defendant could or may have had a black-out when he left the scene of the accident. Dr. Epple also explained that a black-out is a state of unconsciousness or automatism in which an individual may use

his limbs to flee the scene but would have no recollection of doing so.

### STATE'S REBUTTAL EVIDENCE

Deputy Sheriff DeBerry testified that he went to defendant's home early in the morning in response to a telephone call. While defendant was riding with him to the Sheriff's office, he said: "I know you want to know why I ran, but I just couldn't stay there and look at it."

Defendant was found guilty. He appeals from the judgment imposing a prison term of two years.

*Attorney General Edmisten by Assistant Attorney General Elizabeth C. Bunting for the State.*

*Brooks, Pierce, McLendon, Humphrey & Leonard by L. P. McLendon, Jr., George W. House and Paul E. Marth for defendant appellant.*

CLARK, Judge.

Did the trial court err in denying defendant's motion for dismissal?

[1] The bill of indictment contains two counts: first, a violation of N.C. Gen. Stat. 20-166(a) and, second, a violation of N.C. Gen. Stat. 20-166(c). The first count charges the failure "to immediately stop [his] vehicle at the scene of [the] accident . . . ." All of the evidence established that defendant immediately stopped his automobile. Proof of this charge is wholly lacking, and the trial court correctly did not submit the first count to the jury.

The trial court submitted to the jury the second count, the violation of N.C. Gen. Stat. 20-166(c), which provides as follows:

"The driver of any vehicle involved in any accident or collision resulting in injury or death to any person shall also give his name, address, [operator's or chauffeur's license number] and the registration number of his vehicle to the person struck or the driver or occupants of any vehicle collided with, and shall render to any person injured in such accident or collision reasonable assistance, including the carrying of such person to a physician or surgeon for medical or

surgical treatment if it is apparent that such treatment is necessary or is requested by the injured person, and it shall be unlawful for any person to violate this provision, and such violator shall be punishable as provided in G.S. 20-182." [The bracketed portion has been amended to read "driver's license number," effective 1 January 1981. 1979 N.C. Sess. Laws, Ch. 667, s. 32.]

It is clear from the evidence that Mable Jane Durham was probably dead upon the impact of defendant's vehicle. Thus, it would be a useless gesture for the defendant to make any attempt to give to her the items of information enumerated in the statute. N.C. Gen. Stat. 20-166(c) does not require the doing of a vain or useless thing. *State v. Wall*, 243 N.C. 238, 90 S.E. 2d 383 (1955); *State v. Coggin*, 263 N.C. 457, 139 S.E. 2d 701 (1965).

In the case *sub judice*, however, the defendant, immediately after colliding with the pedestrian, swerved to the left and sideswiped an approaching vehicle driven by Ben Sloan. Sloan himself was not injured though his vehicle was slightly damaged. N.C. Gen. Stat. 20-166(b) requires that when there is property damage, a driver involved in the collision must stop and give to the driver of the other vehicle the items of information enumerated, but defendant was not charged with a violation of this misdemanor statute. Similarly, defendant was required by N.C. Gen. Stat. 20-166.1 to give notice of the collision to the police by the quickest means of communication, but he was not charged with a violation of this misdemeanor statute.

The trial court instructed the jury that defendant would have violated N.C. Gen. Stat. 20-166(c) if he drove the vehicle involved in an accident with Mable Jane Durham resulting in her death, and he failed to give the enumerated items of information to Ben Sloan, the driver of the vehicle which defendant sideswiped immediately after striking the pedestrian. This instruction was erroneous. The statute requires that the driver involved give the required information "to the person struck or the driver or occupants of any vehicle collided with . . . ." We interpret "the person struck" to mean a pedestrian and "the driver or occupants of any vehicle collided with" to mean a driver or passengers in a vehicle. Since the collision did not result in injury or death to the driver or any passengers in the sideswiped vehicle, we hold that defendant did not violate the felony subsection, N.C. Gen. Stat.

20-166(c), in failing to give the required information to the driver, Ben Sloan. Other than the provision that a driver is required to give the information "to the person struck," N.C. Gen. Stat. 20-166(c) is silent as to the duty of the driver to give such information if the collision with a pedestrian results in death, unconsciousness, or such condition that giving the information to the pedestrian would be useless and vain. The courts may interpret the statutes to resolve ambiguities but not legislate by adding to the statutes language which is absent. The legislature may find it appropriate to amend N.C. Gen. Stat. 20-166(c) by expanding the duty of a driver who strikes a pedestrian by requiring him to give information to a witness at the scene or some proper person who arrives at the scene.

[2]   The trial court did not instruct the jury that it could find the defendant guilty of violating N.C. Gen. Stat. 20-166(c) by failing to render "reasonable assistance" to Mable Jane Durham, though the bill of indictment so charged. This factor raises the question of whether the requirement that the driver "shall render to any person injured in such accident or collision reasonable assistance" includes a person who is critically injured and either probably or obviously dead. We note that the statute does not contain specific language requiring reasonable assistance to a dead person or requiring protection of either the injured person from further injury or the body of a deceased from mutilation by vehicular traffic. We do not, however, reach this question because defendant was placed in jeopardy under a valid indictment charging him with a violation of N.C. Gen. Stat. 20-166(c) both by failing to give required information and failing to render reasonable assistance. Where one is placed in jeopardy under a valid indictment, he is then in jeopardy with reference to every offense of which he might lawfully be convicted under that indictment, and no other. He may not thereafter be put in jeopardy for any offense of which he could lawfully have been convicted under that indictment. *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44 (1967). *See generally,* Annot., 6 A.L.R. 3d 888 (1966).

The judgment is vacated and the charge against the defendant for violation of N.C. Gen. Stat. 20-166(c) is dismissed.

Vacated and dismissed.

Judges VAUGHN and HEDRICK concur.