STATE v. KENNETH TAYLOR.

(Filed 4 May, 1938.)

1. **Homicide § 30—Exclusion of evidence held not prejudicial upon the record in this case.**

   The State contended that defendant killed deceased by crushing her skull beyond recognition, using in his assault several objects, including a stove leg. Defendant pleaded self-defense, contending that deceased threatened to shoot him unless he yielded to her importunities. The State's evidence was to the effect that the gun with which defendant claimed he was threatened was found hanging untouched in its usual place in another part of the house some thirty feet away, and that defendant bore no marks of a scuffle. The jury rejected the plea of self-defense. *Held:* The exclusion of defendant's evidence to the effect that the reputation of the home of deceased was "bad for drinking and frolicking parties" could not have affected the result, and an exception to its exclusion is not sustained.

2. **Homicide §§ 25, 27c—Evidence held to warrant refusal of instruction that in no event could defendant be guilty of murder in the first degree.**

   The State's evidence tended to show that defendant killed deceased by crushing her skull beyond recognition, using in this assault several objects, including a stove leg; that defendant had expressed an intention of going by the home of the deceased on the afternoon in question; that during the struggle deceased was heard to cry out; and that her body indicated the striking of repeated lethal blows after she had been rendered helpless.

*Held:* There was ample evidence of premeditation and deliberation, and the court's refusal of defendant's request for instructions that in no event could he be found guilty of murder in the first degree, is without error.

**3. Homicide § 21—**

The dealing of lethal blows after the deceased had been felled and rendered helpless is evidence from which the jury may infer deliberation and premeditation.

**4. Homicide §§ 27b, 30—**

An exception to an instruction that a killing with a deadly weapon raises a presumption of murder in the second degree will not be sustained when all the evidence shows an intentional killing and defendant pleads self-defense based upon an intentional killing.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sinclair, J.,* at October Term, 1937, of FRANKLIN.

Criminal prosecution, tried upon indictment charging the defendant with the murder of one Margaret Alston.

The record discloses that on the afternoon of 26 July, 1937, the defendant killed Margaret Alston in the kitchen of her home by the use of rocks, sticks, bottles and a stove leg. Her head was badly mangled, and her skull fractured in seven or eight different places. "At least two of the wounds on the woman's head were made by the stove leg, judging from the appearance of the wounds. . . . Her head was broken all to pieces. . . . Her head was beat up so badly you could not tell who it was."

The defendant admitted the killing, and pleaded self-defense. His testimony was, that the deceased threatened to shoot him unless he yielded to her importunities, and that in the ensuing struggle "after I had hit her and fractured her skull I continued to hit her because she kept coming after me. . . . Sure, I could see that her skull was broken in like an egg shell."

In rebuttal, the State offered evidence tending to show that there was no gun in the room where the killing occurred. It was found in another part of the house, thirty feet away, hanging on the rack where it was customarily kept. During the struggle, the deceased was heard to cry: "Oh, Lordy! Oh, Lordy! Don't tear my clothes." And a man's voice replied: "Hush your mouth." The evidence is also to the effect that the defendant had expressed an intention of going by the home of the deceased on the afternoon in question. There were no scars, scratches or bruises found on the defendant.

The defendant sought to show that the reputation of the home of the deceased was "bad for drinking and frolicking parties." Objection; sustained; exception.

The defendant requested the court to instruct the jury "that in no aspect of the evidence could they return a· verdict of murder in the first degree." Refused; exception.

The defendant also excepted to the charge that a killing with a deadly weapon raises a presumption of murder in the second degree.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Willis for the State.*

*Edward F. Griffin and Kemp P. Yarborough for defendant.*

STACY, C. J.    It is apparent from a careful perusal of the record that the defendant's plea of self-defense was not very impressive to the jury. At any rate, the threat of harm from a gun hanging on a rack in another part of the house thirty feet away was not regarded as immediate, or such as to excuse the brutal killing.    The plea was rejected.    It is not perceived upon what theory the bad reputation of deceased's house "for drinking and frolicking parties" could have affected the result.    The exclusion of this evidence was without significance in the case.    *S. v. Hodgin,* 210 N. C., 371, 186 S. E., 495; *S. v. Baldwin,* 184 N. C., 789, 114 S. E., 837; *S. v. Davis,* 175 N. C., 723, 95 S. E., 48; *S. v. Peterson,* 149 N. C., 533, 63 S. E., 87; *S. v. Banner, ibid.,* 519, 63 S. E., 84; *S. v. Hogue,* 51 N. C., 381.    The exception is not sustained.

The trial court properly refused the defendant's request to instruct the jury that in no view of the evidence could they find the defendant guilty of murder in the first degree.    *S. v. Jones,* 145 N. C., 466, 59 S. E., 353; *S. v. Daniel,* 139 N. C., 549, 51 S. E., 858.    There was ample evidence of premeditation and deliberation.    *S. v. Bell,* 212 N. C., 20, 192 S. E., 852; *S. v. Buffkin,* 209 N. C., 117, 183 S. E., 543; *S. v. Evans,* 198 N. C., 82, 150 S. E., 678; *S. v. Miller,* 197 N. C., 445, 149 S. E., 590; *S. v. Baily,* 180 N. C., 722, 105 S. E., 200; *S. v. Bynum,* 175 N. C., 777, 95 S. E., 101; *S. v. Walker,* 173 N. C., 780, 92 S. E., 327; *S. v. Lipscomb,* 134 N. C., 689, 47 S. E., 44.    The dealing of lethal blows after the deceased had been felled and rendered helpless was evidence from which the jury could infer the defendant's deliberate and premeditated purpose.    *S. v. Steele,* 190 N. C., 506, 130 S. E., 308; *S. v. Merrick,* 172 N. C., 870, 90 S. E., 257; *S. v. McClure,* 166 N. C., 321, 81 S. E., 458.

Nor was it error, of which the defendant can complain, for the court to instruct the jury that a killing with a deadly weapon raises a presumption of murder in the second degree.    *S. v. Alston,* 210 N. C., 258, 186 S. E., 354; *S. v. Miller, supra.*    All the evidence tends to show an

intentional killing. *S. v. Gregory*, 203 N. C., 528, 166 S. E., 387. Indeed, the defendant's plea of self-defense is based upon an intentional killing. *S. v. Robinson, ante,* 278.

The record is free from reversible error. The verdict and judgment will be upheld.

No error.

SEAWELL, J., took no part in the consideration or decision of this case.