### STATE v. MOSES ARTIS.

(Filed 30 April, 1947.)

**1. Homicide § 20—**

The evidence tended to show that defendant, a tenant, killed his landlord. *Held:* Evidence of the contract between the parties, the landlord's repeated refusals to sign lien waivers on the crop and testimony as to the poor condition of the crop is competent to show ill will and motive.

**2. Criminal Law § 34a—**

Testimony of declarations and admissions made by defendant is competent against him, and objection that defendant was not first cautioned as to his rights by the witness is untenable.

**3. Homicide § 19—**

Testimony of a witness as to a conversation with defendant relating to where defendant had left his gun after the killing and where witness had found the body of deceased is competent.

**4. Homicide § 17—**

Description of the wounds found on the deceased is competent.

**5. Criminal Law § 48f—**

An exception to the admission of evidence cannot be sustained when there is no objection to the question prompting the answer and no motion to strike the answer.

**6. Criminal Law § 48d—**

Where evidence is withdrawn by the court and the jury instructed not to consider it, any error in its admission is averted.

**7. Homicide § 30—**

Testimony of the wife of deceased as to the condition of his health just prior to the killing *held* not prejudicial.

**8. Homicide § 21—**

Premeditation and deliberation may be inferred from evidence that defendant dealt lethal blows after deceased had been felled and rendered helpless.

**9. Criminal Law § 39a—**

Where defendant testifies as to a communication between him and his attorney, the State may cross-examine him in regard thereto.

APPEAL by defendant from *Leo Carr, J.,* at September Term, 1946, of DUPLIN.

This was a criminal action wherein the defendant was tried and convicted of murder in the first degree upon a bill of indictment which charged murder in the first degree, and from judgment of death predicated on such conviction the defendant appealed to the Supreme Court, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Vance B. Gavin for defendant, appellant.*

SCHENCK, J. The first exceptive assignments of error brought forward in appellant's brief are Nos. 1, 7, 21, 22, 23, and 28. These exceptions are based upon the fact that the court permitted the witnesses for the State, over objection of defendant, to testify as to the condition of the defendant's crop, which appellant contends served no purpose except to prejudice the jury against him. One witness, C. H. Smith, testified: "Two days after the killing I went over the crop. Looked it all over good. I don't think I have ever been in as sorry worked crop." These objections are all taken to the admission of evidence as to the conditions of the crops which the defendant was working as tenant of the deceased, to the terms of the contract between the deceased and the defendant, and to the refusal of the deceased to sign a lien waiver to enable the defendant to raise money on government mortgage with which to pay for tires and repairs to his automobile. All of this evidence was competent to show ill will of the defendant toward the deceased engendered by continued complaints made to him for the failure to sign lien waivers. We hold that the evidence assailed was competent to show motive. It was difficult to prove important and material facts without the witness giving evidence of them by speaking of them, it was inseparately connected with the evidence of the crime and the prisoner cannot successfully complain that it placed him in a bad light on the trial. *S. v. Moore,* 104 N. C., 743, 10 S. E., 183. There is nothing to indicate that evidence under discussion was introduced or used for the purpose of showing the character of the defendant or prejudice him before the jury.

In *S. v. Wilcox,* 132 N. C., 1120-1144, 44 S. E., 625, this Court said: " 'In the administration of the criminal law any fact shedding light upon the motives of the transaction will not be excluded from the consideration of the jury, whether it goes to the attestation of innocence or points to the perpetrator of the crime.' . . . A man's motive may be gathered from his acts, and so his conduct may be gathered from the motive by which he was known to be influenced. Proof that the party accused was influenced by a strong motive of interest to commit the offense proved to have been committed, although weak and inclusive in itself, yet it is a circumstance to be used in conjunction with others which tend to implicate the accused."

In addition to the assigned reasons for failing to sustain this objection there was practically no denial of the testimony objected to, and for that reason also we cannot hold such evidence as prejudicial.

The defendant objected to the fact that the State's witness was permitted to testify as to a conversation with the defendant immediately

after his arrest without first having cautioned the prisoner of his rights. Declarations and admissions of a defendant are always competent against him in a criminal action. *S. v. Abernethy,* 220 N. C., 226, 17 S. E. (2d), 25; *S. v. Ragland, ante,* 162.

Under proper exceptions the defendant in his brief complains that a witness for the State was permitted to testify, over objection, as to a conversation between himself and a third person in the absence of the defendant. This is not sustained by the record. The witness was relating his conversation with the defendant as to where his gun had been left after the killing and the question as to where the witness had found the body of deceased. These were properly admitted and the exceptions cannot be held for reversible error.

Under Exception 8 the defendant excepts to the admission of testimony as to the description of the wounds found on the deceased. Evidence of this character is competent as showing the violence of the transaction. Exception not sustained.

Exception No. 9 was to testimony given by the State's witness as follows: "The wound that went through his (deceased's) arm into his chest was the worst single wound I have ever seen blowed into a man." The defendant contends that this evidence was not only incompetent but was harmful. While we have some misgivings as to the evidence being harmful, in view of the admission of the killing by the defendant, an examination of the record discloses that while there was no objection to the question which prompted the answer under discussion, no motion to strike the answer was made and no exception taken thereto. It is well settled that assignments of error should be based upon exceptions briefly and clearly stated and numbered in the record. This exception is not tenable.

Exception No. 10 is to the State's witness comparing the wound of the deceased with wounds of others. The court subsequently in its charge withdrew this testimony and told the jury not to consider it, hence error, if any, in admitting the testimony was averted.

Exception No. 25 is taken to the admission of the testimony of the wife of the deceased as to the condition of his health just prior to the killing. In view of the admission of the killing by the defendant it is not seen how this testimony was in any wise prejudicial to the defendant. Hence this evidence is not held for reversible error.

Exception No. 26. Under this assignment of error the defendant in his brief argues his motion for judgment as of nonsuit. It is stated in *S. v. Taylor,* 213 N. C., 521, 196 S. E., 832, "The dealing of lethal blows after the deceased had been felled and rendered helpless was evidence from which the jury could infer the defendant's deliberate and premeditated purpose." This assignment is not sustained.

As to certain assignments of error made to the alleged compulsion of the defendant to testify as to what he contends was a privileged communication between·him and his lawyer, Mr. Wilson, it should be noted that this testimony was first brought out by the defendant himself, hence it was opened to the State in cross-examination to pursue the subject. *Jones v. Marble Co.,* 137 N. C., 237, 48 S. E., 94.

We have endeavored to give this case the careful examination it calls for in view of the vital interest of the appellant involved therein and we find no reversible error.

No error.