STATE v. EDWARD JONES AND MURRAY B. BALLENGER

(Filed 27 November, 1957)

1. **Indictment and Warrant § 12—**

Where motion to quash the bill of indictment is not made until after plea of not guilty, it is addressed to the discretion of the trial court and its denial of the motion is not reviewable on appeal.

2. **Indictment and Warrant § 9—**

An indictment for a statutory offense which follows the language of the statute and charges each essential element of the offense is sufficient.

3. **Indictment and Warrant § 11—**

An indictment charging defendants with feloniously breaking and entering a building with intent to steal merchandise, and in a second count charging that defendants did feloniously steal and carry away merchandise of the named owner, does not charge the offenses in the alternative.

4. **Criminal Law § 162—**

Exception to the exclusion of testimony cannot be sustained when the record fails to show what the answer of the witness would have been had he been permitted to answer.

5. **Burglary § 4: Larceny § 7—**

Circumstantial evidence taken in the light most favorable to the State and giving it the benefit of every reasonable inference therefrom, *held* to point unerringly to the guilt of defendant and to be of sufficient probative value to support verdict of guilty of felonious breaking and entry and larceny of goods of the value of more than $100.

APPEAL by defendant Murray Ballenger from *Seawell, J.,* at April 1957 Criminal Term, of JOHNSTON.

Criminal prosecution upon a bill of indictment containing two counts, in formal language, charging in first count that Edward Jones and Murray Ballenger did on December 10, 1956, feloniously break and enter into certain building occupied by one Hubert Owen McLamb with intent to steal, take and carry away his merchandise, and in second count that Edward Jones and Murray Ballenger did on December 10, 1956, feloniously steal, take and carry away 2700 pounds of sugar and 50 pounds of flour of the value of more than $100.00 of the goods of one Hubert Owen McLamb, consolidated for trial and judgment.

Plea: Not guilty.

Verdict: Both defendants are guilty as charged.

Judgment on the verdict: Murray Ballenger is sentenced to the State Prison for a term of not less than five years

and not more than seven years, from which judgment defendant Murray Ballenger appeals to Supreme Court and assigns error.

*Attorney General Patton, Assistant Attorneys General Bruton, McGalliard and Behrends, for the State.*
*E. R. Temple, for defendant appellant.*

WINBORNE, C. J. Careful consideration of the record and case on appeal fails to disclose error for which the judgment below should be disturbed.

FIRST: "Defendants object and except to the bill of indictment as being contrary to law." But the record does not show when defendant made this objection, or on what ground it is contended the bill of indictment is contrary to law. Indeed the exception is inserted after the certificate of Clerk of Superior Court as to organization of court, including indictment, plea, jury, verdict, judgment and appeal entries. And the assignment of error is "that the bill of indictment is defective and defendant moves to quash said bill of indictment." Hence upon the face of the record the objection appears to have been made after verdict and judgment—and comes too late.

Decisions of this Court are uniform in holding that a motion to quash the bill of indictment, if made after plea of not guilty is entered, is addressed to the discretion of the trial court. The exercise of such discretion is not reviewable on appeal. *S. v. Gibson,* 221 N.C. 252, 20 S.E. 2d, 51, and cases cited. See also *S. v. Suddreth,* 223 N.C. 610, 27 S.E. 2d, 623.

Be that as it may, the form of the first count in bill of indictment is substantially accordant with the statute, G.S. 14-54, under which it is laid, as to essential elements and, hence, in conformity with the rule ordinarily applied in the decisions of this Court, meets the requirements of law. *S. v. Gibson, supra,* and cases cited.

Moreover the objection that both counts in the bill of indictment are couched in the alternative does not appear to be well founded, and requires no further elaboration.

SECOND: As to exception No. 2, on which this assignment of error is predicated, that is to sustaining objection to question "How many bags of sugar did you have in your store on the 10th of December, 1956?" is untenable for two reasons—(a) The witness W. C. Allen, to whom the question was asked, had no interest in the sugar in question. Hence it was immaterial how many bags he had in his store. (b) The case on appeal fails to show what the answer of the witness would have been had he been permitted to answer. Exception so taken cannot be sustained. *S. v. Poolos,* 241 N.C. 382, 85 S.E. 2d, 342.

THIRD: The exceptions 3 and 4, on which assignments of error of like numbers are based, relate to denial of defendants' motion for judgment as of nonsuit aptly made. While the evidence in this respect is largely circumstantial, when taken in the light most favorable to the State, giving to it the benefit of every reasonable inference, as is done when considering such motions, it points unerringly to the guilt of defendant, and is of sufficient probative value to support the verdict rendered. Recital of the details is deemed unnecessary.

FOURTH: The exceptions 5 and 6, to which assignments of error of same numbers relate, are formal in nature, and require no discussion.

Finally, the case appears to have been fairly presented to a jury, and in the verdict of the jury this Court finds

No error.