## STATE v. HARDY HERSHEL GREEN.

(Filed 14 October, 1959.)

**1. Automobiles § 72—**

Where witnesses testify to the effect that defendant was under the influence of intoxicants immediately after the accident and that his condition was not caused by his injuries, there being no evidence that defendant received any appreciable injury in the accident, the evidence is sufficient to be submitted to the jury on the question of whether the defendant was intoxicated at the time, notwithstanding the testimony of other witnesses that they could not tell whether defendant's condition was due to intoxication or to shock or injury received in the accident.

**2. Criminal Law § 101—**

Where some of the State's evidence tends to incriminate the defendant and some to exculpate him, the incriminating evidence requires the submission of the question of guilt to the jury.

**3. Same—**

The function of motion to nonsuit is to test the sufficiency of the evidence to be submitted to the jury, and it is not the proper procedure to raise the objection that defendant was arrested for a misdemeanor prior to the issuance of warrant.

**4. Indictment and Warrant § 14—**

If the warrant is regular and valid on its face objection thereto must be raised by motion to quash made prior to plea, and where defendant makes a general appearance and enters plea without objecting to the warrant he waives any objection to the regularity of the warrant.

**5. Indictment and Warrant § 7—**

Where the warrant upon which defendant was tried is regular on its face and charges each and every essential element of the alleged offense, the fact that the warrant was issued after defendant's arrest for the misdemeanor does not entitle defendant to his discharge, subject to the sole exception when the offense charged arises out of the wrongful arrest.

**6. Automobiles § 71—**

In a prosecution for driving while under the influence of intoxicating liquor, it is competent to show in evidence the injuries resulting from the accident in which defendant's car was involved for the purpose of showing the manner in which defendant was operating the car and his lack of control over it, but such evidence should be limited to this purpose, and evidence of such injuries beyond that having a bearing on this question should be excluded.

**7. Criminal Law § 33—**

Evidence which is relevant and competent will not be excluded simply because it may prejudice defendant or excite the sympathy of the jury.

**8. Criminal Law § 91—**

Ordinarily error in the admission of evidence is cured when the court withdraws such evidence and instructs the jury not to consider it, and it is only in exceptional instances when because of the serious character and gravity of the incompetent evidence that the difficulty of erasing it from the minds of the jurors is obvious, that its admission cannot be cured by action of the court.

**9. Same—**

In this prosecution for driving while under the influence of intoxicating liquor any error in the extent of the admission of evidence of injuries to a child injured in the accident in which defendant's car was involved *held* cured by the instruction of the court that the sole question was whether the defendant was operating his vehicle while under the influence of intoxicating beverages and that the jury should not consider the fact that the accident caused injury to another person.

HIGGINS, J., not sitting.

APPEAL by defendant from *Froneberger, J.,* July, 1959 Term, of GASTON.

The warrant charges that defendant operated a vehicle on a public street of Gastonia while under the influence of intoxicating liquor, narcotic drugs or opiates. Defendant appealed from an adverse judgment of the Municipal Court of Gastonia and the case was tried *de novo* in Superior Court. Defendant entered a plea of not guilty.

Evidence for the State was substantially as follows: On 25 April, 1959, about 11:15 A.M., defendant operated a Ford automobile on Davidson Street in Gastonia at a high rate of speed on the "wrong side of the road." He met a taxicab, swerved to the right to miss it, skidded sideways, hit a tree and turned around and hit another tree. He struck a girl, nine or ten years of age, who was pushing a bicycle. The girl suffered a broken arm and leg and other injuries and was hospitalized. The front end of the automobile was crushed, two wheels were knocked off and the steering wheel was bent. The accident took place just beyond the crest of a hill on a steep, curving down-grade at or near the intersection of Davidson and Weldon Streets. Defendant remained under the steering wheel about ten minutes until the officers arrived. The officers took him out of the car. He had the odor of intoxicants on his breath, his speech was impaired and he staggered. Defendant said he wasn't hurt and didn't want to see a physician. He had no bruises or other signs of injury. In the opinion of State witnesses his condition was caused by intoxication. Later in the afternoon of the same day the warrant was issued.

Defendant offered no evidence.

The jury returned a verdict of guilty. From judgment imposing a prison sentence defendant appealed and assigned errors.

*Attorney General Seawell and Assistant Attorney General Rountree for the State.*
*Dolley & DuBose for defendant, appellant.*

MOORE, J. At the close of the evidence defendant moved for judgment of nonsuit. G.S. 15-173. The motion was denied and defendant excepted. Defendant contends that this was error and urges reversal of the ruling on two grounds.

Defendant asserts that he was dazed and in a state of shock by reason of the wreck and the State's evidence that he was intoxicated should be considered nothing more than suspicion or conjecture.

A lay witness testified on direct examination that defendant was "under the influence" of some intoxicants. On cross-examination he stated that "there were a number of things that could have caused the defendant to be unsteady on his feet." An officer who assisted defendant into the jail stated that, in his opinion, defendant "was under the influence of alcohol of some kind." Under cross-examination he testified that "he did not know whether the condition of the defendant was caused by injuries received in the accident or by possible intoxication."

On the other hand, a lay witness testified unqualifiedly "that in his opinion the defendant was under the influence of intoxicating beverage." The arresting officer stated on both direct and cross-examination that defendant's condition was caused by intoxication and not injuries. He testified further that defendant said he was not hurt and did not want to be taken to a doctor.

In *State v. Hough*, 229 N.C. 532, 50 S.E. 2d 496, the only witnesses for the State were the two arresting officers. Both of them testified in effect "that they did not know whether or not the defendant's condition . . . came from what he had to drink or whether it came from the injuries he had sustained." These officers had arrived at the scene about thirty minutes after defendant's car had wrecked. Defendant had three broken ribs and two broken vertebrae. This Court said: "If the witnesses . . . were unable to tell whether or not he was under the influence of an intoxicant or whether his condition was the result of the injuries he had just sustained, we do not see how the jury could do so. . . . We do not think this evidence is sufficient to raise more than a suspicion or conjecture as to whether or not the defendant at the time of his injury, was under the influence of liquor or narcotic drugs within the meaning of G.S. 20-138. . . ."

In the instant case there is no evidence that the defendant was injured. He told the officer he was not. It is true that two of the witnesses testified in a manner similar to those in the *Hough* case. Two others testified in effect that defendant was under the influence of intoxicants and his condition was not caused by injuries.

When the State's evidence is conflicting — some tending to incriminate and some to exculpate the defendant — it is sufficient to withstand a motion for nonsuit and must be submitted to the jury. *State v. Horner,* 248 N.C. 342, 345, 103 S.E. 2d 694; *State v. Robinson,* 229 N.C. 647, 649, 50 S.E. 2d 740.

Defendant further contends that his arrest was unlawful and the case against him should have been nonsuited for this reason. It is true the record tends to show that the alleged offense was not committed in the presence of the arresting officer, that defendant was arrested without a warrant having been issued and that the warrant was procured in the afternoon following his arrest. G.S. 15-41. He asserts that he thereby "lost an opportunity to gather evidence for his defense and seek medical attention."

It is an essential of jurisdiction that a criminal offense shall be sufficiently charged in a warrant or indictment. *State v. Helms,* 247 N.C. 740, 745, 102 S.E. 2d 241; *State v. Strickland,* 243 N.C. 100, 101, 89 S.E. 2d 781. But it is not an essential of jurisdiction that such warrant be issued prior to the arrest and that the defendant be initially arrested thereunder. There is no contention in the instant case that the warrant under which the defendant was tried was not regular on its face and did not properly charge each and every element of the alleged offense.

If a warrant is regular and valid on its face, an objection thereto, should there be grounds therefor, must be by motion to quash. And if the motion is not made before plea of not guilty is entered, it is addressed to the discretion of the trial court and the ruling thereon is not reviewable on appeal. *State v. Ballenger,* 247 N.C. 260, 261, 100 S.E. 2d 845; *State v. Suddreth,* 223 N.C. 610, 613, 27 S.E. 2d 623. In the case at bar there was no motion to quash and defendant made general appearances in Municipal Court and Superior Court, entered pleas of not guilty and proceeded to trial on the merits. He thereby waived any objection to the regularity of the warrant by which he had been brought into court. *State v. Johnson,* 247 N.C. 240, 244, 100 S.E. 2d 494.

A motion for nonsuit presents only the question of the sufficiency of the evidence to carry the case to the jury. *State v. Nunley,* 224 N.C. 96, 97, 29 S.E. 2d 17; *State v. Smith,* 221 N.C. 400, 406, 20 S.E. 2d

360. The evidence in the record, taken in the light most favorable to the State, makes out a *prima facie* case, and this record discloses no grounds for quashing the warrant had motion therefor been made.

We observe, parenthetically, that there is no evidence to support the contention of defendant that he lost an opportunity to gather evidence for his defense and to seek medical attention. The officer offered to take him to a physican but he stated that he was not hurt and did not want to see a doctor. Furthermore, the record discloses that he was informed of the charge against him. There is nothing to indicate that he was denied bail or was not permitted to communicate with counsel and friends. G.S. 15-47.

Appellant relies on *State v. Mobley,* 240 N.C. 476, 83 S.E. 2d 100. In that case the officer arrested the defendant for public drunkenness without warrant. The defendant forcibly resisted arrest. He was charged with public drunkenness, resisting arrest and assault on the officer. The jury acquitted him of public drunkenness but convicted him of resisting and assault. The convictions were reversed in Supreme Court. Since he was judicially declared not guilty of public drunkenness, there was no justification for arrest without a warrant. He, therefore, was within his rights in forcibly resisting. The distinction between the *Mobley* case and the case at bar is that Mobley was convicted of offenses growing out of the unlawful arrest. In the instant case the charge in the warrant did not stem from the arrest itself. The law provides liability, both civilly and criminally, for false arrest. But the law does not discharge a defendant from criminal liability merely because his arrest is not lawful, unless the offense charged stems from such arrest. It should be noted that the General Assembly has amended G.S. 15-41 since the decision in the *Mobley* case.

Appellant makes a further contention that there was error in the admission of testimony which entitles him to a new trial.

The court, over the objection of defendant, permitted witnesses to testify with respect to the injuries sustained by the little girl who was struck by defendant's automobile, substantially as follows:

Paul L. Fletcher: She seemed to be hurt. It looked like she had been hit with a car. She looked like she was "broke up." Her chin was bleeding and her arm was broken. She was lying at the foot of the tree. He saw that her arm was broken but did not look at her legs. He saw her again about a month ago, in the hospital. He doesn't know when she got out of the hospital.

Theodore T. Shuford: He saw her at the scene. "She was a-laying under the door. . . . And gasoline started pouring out of the car, and

I run and got a piece of pasteboard — I didn't want to move her — and I just slid her over on this piece of pasteboard." In his opinion she was nine or ten years old. He went to see her in the hospital eight or ten different times. She got out of the hospital about two weeks ago,.but he couldn't say definitely.

During the charge of the court, at the request of defendant's counsel, the jury was instructed as follows:

> "Ladies and Gentlemen, you will not consider in any aspect the fact that there was an injury to another person growing out of the car wreck. The only — only matter that you are to determine in this action is whether at the time and place in question the defendant was operating his automobile while under the influence of intoxicating beverages."

Defendant's position is that the evidence of the child's injuries and her hospitalization is irrelevant to the issues in the case and calculated to prejudice his cause and create sympathy for the State's case.

If the only effect of evidence is to excite prejudice or sympathy, its admission may be ground for a new trial. But relevant evidence will not be excluded simply because it may tend to prejudice the opponent or excite sympathy for the cause of the party who offers it. North Carolina Law of Evidence: Stansbury, sec. 80, p. 143. *State v. Hudson,* 218 N.C. 219, 231, 10 S.E. 2d 730.

Irrelevant evidence, tending to prejudice the opponent and create sympathy for the party offering it, has been held in some cases to be cause for a new trial notwithstanding the instructions of the court to disregard it. *State v. Page,* 215 N.C. 333, 334, 1 S.E. 2d 887; *Gattis v. Kilgo,* 131 N.C. 199, 42 S.E. 684.

In this case the testimony that the child was injured, that the injuries were serious and that she was hospitalized, was clearly relevant as bearing upon the manner of operation of the automobile and the lack of control by defendant. "The State could not be deprived of the benefit of evidence which was relevant and material because it might also have a tendency to prejudice the defendant." *State v. Cox,* 201 N.C. 357, 360, 160 S.E. 358.

We are inclined to the view that the evidence was given in more detail than the State's case required and that the recounting of the visits to the hospital was in the twilight of relevancy. We do not approve the fulsomeness of the testimony. Yet, in view of the court's instruction, given at defendant's request, it is our opinion that error was averted and a new trial is not warranted.

"The power of the Court to withdraw incompetent evidence and

to instruct the jury not to consider it has long been recognized in this State. . . . In *McAllister v. McAllister*, 34 N.C., 184, *Ruffin, C. J.*, said: 'It is undoubtedly proper and in the power of the Court to correct a slip by withdrawing improper evidence from the consideration of the jury, or by giving such explanation of an error as will prevent it from misleading a jury.' He expressed the same opinion more than three-quarters of a century ago and the practice has been observed since that time. (Citing cases.)" *State v. Stewart*, 189 N.C. 340, 345, 127 S.E. 260. This principle has been applied consistently and it has been generally held that this procedure averts error. *State v. Hamer*, 240 N.C. 85, 89, 81 S.E. 2d 193; *State v. Strickland*, 229 N.C. 201, 207, 49 S.E. 2d 469; *State v. Artis*, 227 N.C. 371, 373, 42 S.E. 2d 409; *State v. Vicks*, 223 N.C. 384, 386, 26 S.E. 2d 873; *State v. King*, 219 N.C. 667, 678, 14 S.E. 2d 803; *Hagedorn v. Hagedorn*, 211 N.C. 175, 177, 189 S.E. 507; *State v. Perry*, 210 N.C. 796, 798, 188 S.E. 639; *State v. Oakley*, 210 N.C. 206, 211, 186 S.E. 244; *Nance v. Fertilizer Co.*, 200 N.C. 702, 708, 158 S.E. 486; *Eaker v. International Shoe Co.*, 199 N.C. 379, 385, 154 S.E. 667; *In re Will of Yelverton*, 198 N.C. 746, 749, 153 S.E. 319; *Sentelle v. Board of Education*, 198 N.C. 389, 391, 151 S.E. 877; *State v. Griffin*, 190 N.C. 133, 136, 129 S.E. 410; *Gerow v. R.R.*, 189 N.C. 813, 819, 128 S.E. 345; *State v. Love*, 189 N.C. 766, 773, 128 S.E. 354.

In *State v. Strickland, supra*, the Court says:

"In appraising the effect of incompetent evidence once admitted and afterwards withdrawn, the Court will look to the nature of the evidence and its probable influence upon the minds of the jury in reaching a verdict. In some instances because of the serious character and gravity of the incompetent evidence and the obvious difficulty in erasing it from the mind, the court has held to the opinion that a subsequent withdrawal did not cure the error. But in other cases the trial courts have freely exercised the privilege, which is not only a matter of custom but almost a matter of necessity in the supervision of a lengthy trial. Ordinarily where the evidence is withdrawn no error is committed. (Citing cases.)"

Altogether there are eighteen assignments of error. We have carefully considered each of them. Appellant has failed to show prejudicial error. *Taylor Co. v. Highway Commission*, 250 N.C. 533, 539, 109 S.E. 2d 243.

No error.

HIGGINS, J., not sitting.