STATE OF NORTH CAROLINA v. RONNIE JONES

No. 728SC815

(Filed 20 December 1972)

1. **Arrest and Bail § 3— warrantless arrest for misdemeanor — probable cause**

    Arrest of defendant without a warrant for misdemeanor larceny was lawful where police officers observed defendant leave a department store carrying his overcoat folded over his arm, the officers saw a white object under the coat which looked to be a package of bed sheets, the officers saw defendant and a companion put several packages into a box hidden under a hedge, and the officers examined the box and discovered it contained seven sheets each enclosed within a plastic cover, on the outside of which was a price sticker bearing the name of the department store. G.S. 15-41.

2. **Indictment and Warrant § 14— illegal arrest — motion to quash warrant**

    A defendant is not entitled to have the warrant on which he is tried quashed on the ground it was issued after an illegal arrest unless the offense charged arose out of the illegal arrest.

APPEAL by defendant from *Copeland, Special Judge,* 10 July 1972 Criminal Session of WAYNE Superior Court.

Defendant was tried de novo in superior court on a warrant charging him with misdemeanor larceny of bed sheets, valued at $75.13, the property of Weil's, Inc., a department store in

Goldsboro, North Carolina. He entered a plea of not guilty, was found guilty by the jury and from a sentence of imprisonment for two years, he appeals.

The State's evidence tended to show that on 26 February 1972 Officer Lott of the Goldsboro Police Department stationed himself inside a camper trailer located in a parking lot behind Weil's, Inc., about 60 yards from the back door of the store. By use of binoculars he was watching the store for possible shoplifters.

Officer Lott testified that 26 February was an unseasonably warm day, and that he saw the defendant several times that morning in the vicinity of Weil's, Inc., dressed in a long gold overcoat. Officer Lott saw defendant enter the store about 12:00 p.m., and he exited between five and ten minutes later carrying his overcoat folded over his right arm. Under the coat Officer Lott saw a white object which looked to him to be a package of bed sheets. Defendant was adjusting the coat to cover the package, and it was soon completely concealed under the coat. Lt. Harvell, also of the Goldsboro Police Department, continued watching defendant through the binoculars while Officer Lott left the trailer and followed the defendant.

Officer Lott saw the defendant and a companion cross the street and enter a path alongside the library. Near a hedge behind the library he saw defendant and his companion put several packages into a pasteboard box hidden under the hedge.

The police officers watched Jones and his companion leave the area and enter the Belk-Tyler store. The officers then examined the pasteboard box and discovered that it contained three (3) Fieldcrest king size bed sheets and four (4) Fieldcrest queen size bed sheets each enclosed within a plastic cover, on the outside of which was a self-adhesive price sticker bearing the name of Weil's, Inc.

Jones' companion returned to the box alone from the Belk-Tyler store and placed a pair of trousers in the box. Upon seeing the police officers he ran and was not apprehended. The officers found Jones and arrested him; a warrant was prepared after the arrest.

On cross-examination Officer Lott testified that he did not arrest Jones when he saw Jones leave the Weil's store because he "wasn't sure that larceny had been committed" at that

time. After he saw the Weil's merchandise in the box he followed Jones and saw him enter the Belk-Tyler store. It was decided to let the defendant return for the merchandise. When Jones' companion saw Officer Lott and escaped, the officers decided to find Jones and arrest him.

Other evidence tends to show that no inventory of the sheets was taken before the alleged theft, but that the store usually kept eight of each type of sheet on display. After defendant was arrested, the store manager noticed that the supply of sheets was less than eight of each. The store manager testified that Weil's, Inc., was the exclusive seller of Fieldcrest sheets in the area.

The manager also testified that the sales records (cash register tapes) for 26 February did not show any sale of items from the store's linen department in the amount of $9.79 (price of each queen size sheet), or $11.99 (price of each king size sheet), or any combination thereof. According to his testimony there was no sale recorded that day for those sheets. No sales receipt was ever found. The defendant denied even being in Weil's, Inc., that day.

*Attorney General Robert Morgan by Assistant Attorney General Rafford E. Jones for the State.*

*Cecil P. Merritt for defendant appellant.*

CAMPBELL, Judge.

[1, 2] The defendant, prior to pleading, made a motion to quash the warrant because it was issued pursuant to an alleged illegal arrest. The defendant strenuously argues this exception. G.S. 15-41 provides that a peace officer may arrest without a warrant in the case of a misdemeanor when it has been committed in his presence or he has reasonable grounds to believe that such misdemeanor has been committed in his presence. We think the evidence in this case sufficient to justify the arrest. It is immaterial, however, for the purpose of this case whether the arrest was or was not valid. It is an essential of jurisdiction that a criminal offense shall be sufficiently charged in a warrant or indictment. But it is not an essential of jurisdiction that such warrant be issued prior to the arrest and that the defendant be initially arrested thereunder. The law does not discharge a defendant from criminal liability merely because his arrest is not lawful, unless the offense charged stems from such arrest.

The instant case does not present a charge in the warrant which stems from the arrest itself. As stated above, we think the evidence in this case justified the arrest, but even though it did not, it would be immaterial to the merits of this case. *State v. Green*, 251 N.C. 40, 110 S.E. 2d 609 (1959) ; *State v. Sutton*, 244 N.C. 679, 94 S.E. 2d 797 (1956).

There was ample evidence when taken in the light most favorable to the State to justify submission of the case to the jury. The charge of the court was ample, particularly with regard to that portion to which the defendant excepted. This was the portion in which the court instructed the jury concerning the doctrine of possession of recently stolen merchandise.

We have carefully reviewed all of the exceptions and assignments of error brought forward by the defendant, and we find the defendant had a fair and impartial trial free of any prejudicial error.

No error.

Judges MORRIS and PARKER concur.