STATE OF NORTH CAROLINA v. ROGER LOCKLEAR

No. 7516SC236

(Filed 18 June 1975)

1. **Criminal Law § 87— leading questions**

    The trial court did not err in allowing the district attorney to ask leading questions.

2. **Weapons and Firearms— discharging firearm into occupied dwelling — evidence of motive admissible**

    In a prosecution for discharging a firearm into an occupied dwelling, evidence that defendant, a married man, had attempted to date the victim's stepdaughter two years earlier, that the victim ordered defendant to stay away from his house and his stepdaughter, and that defendant, defendant's brother and the victim engaged in a fight during which the victim shot defendant's brother was admissible for establishing motive and *quo animo.*

APPEAL by defendant from *Clark, Judge.* Judgment entered 15 November 1974 in Superior Court, ROBESON County. Heard in the Court of Appeals 27 May 1975.

This is a criminal prosecution wherein the defendant, Roger Locklear, was charged in a bill of indictment, proper in form, with the felony of discharging a firearm into an occupied dwelling in violation of G.S. 14-34.1.

State v. Locklear

The defendant pleaded not guilty and the State offered evidence tending to show the following: At about 12:30 or 1:00 o'clock in the morning on 12 August 1974 Edford Jackson observed the defendant's automobile, "a black Buick with white stripes on top of it and white stripes down the side of it," pass down the street in front of his house. Approximately twenty minutes later, the same car again approached his house. On this occasion Jackson, who was seated in a front bedroom, was able to see that the defendant was the driver of the automobile. The defendant had an object in his hand that ". . . looked like a pistol. A small ball of fire came out of it and a loud blast and something went tearing through the house and tore through five walls." The next morning Jackson found a .45 caliber slug in one of the walls of the house.

The defendant offered the testimony of several witnesses tending to establish an alibi until approximately 2:30 a.m. on the morning in question.

The jury returned a verdict of guilty as charged. From a judgment that defendant be imprisoned for not less than seven (7) nor more than ten (10) years, he appealed.

*Attorney General Edmisten, by Associate Attorney T. Lawrence Pollard, for the State.*

*Arthur L. Lane for defendant appellant.*

HEDRICK, Judge.

Assignments of error four and five relate to the sufficiency of the evidence to take the case to the jury and to support the verdict. Neither of these assignments of error is brought forward and argued in defendant's brief and both are deemed abandoned.

[1]    Assignments of error one, two, and three relate to the admission of testimony offered by the State. First, defendant contends the court erred in allowing the district attorney to ask leading questions and in not giving definitive rulings on defendant's objections. We have examined the one exception upon which this contention is based and find it inadequate to support the argument. Furthermore, when counsel objected to what he now contends was a leading question, the court directed the witness to answer and admonished the district attorney not to

lead the witness. We fail to perceive how the court could have been more definitive.

[2]　Second, over defendant's objection, Jackson was allowed to testify that in 1972 the defendant, a married man, had attempted to date his stepdaughter and that he had ordered the defendant to stay away from his home and his stepdaughter. As a result, the defendant, the defendant's brother, and Jackson had engaged in a fight and Jackson had shot the defendant's brother. Defendant argues that evidence of these incidents was so remote in time as to be irrelevant and prejudicial.

The existence of a motive, a circumstance tending to make it more probable that the person in question did an alleged act, is always admissible where the doing of the act is in dispute. *State v. Church,* 231 N.C. 39, 55 S.E. 2d 792 (1949). Motive may be proved by conduct or by evidence of facts which would naturally give rise to a relevant motive and from which such motive may be reasonably inferred, 1 Stansbury, N. C. Evidence § 83 (Brandis Rev. 1973). To this end evidence of threats or ill will existing between the defendant and the victim of the offense is competent. *State v. Creech,* 229 N.C. 662, 51 S.E. 2d 348 (1949) ; *State v. Artis,* 227 N.C. 371, 42 S.E. 2d 409 (1947) ; *State v. Oxendine,* 224 N.C. 825, 32 S.E. 2d 648 (1945). Ordinarily, the remoteness in time of such evidence goes more to its weight and credibility than to its admissibility. See, *State v. Shook,* 224 N.C. 728, 32 S.E. 2d 329 (1944). We are of the opinion the evidence challenged by these exceptions was admissible for establishing motive and *quo animo.* These exceptions are not sustained.

Finally, based on exceptions to the testimony of the investigating officer, defendant argues the court erroneously allowed the State to introduce the surmises and conclusions of the deputy as to what happened under the guise of admitting his testimony as evidence tending to corroborate the testimony of the prosecuting witness. We have carefully examined each exception upon which this assignment of error is based and find it to be without merit. These assignments of error are all overruled.

Assignments of error six, seven, and eight relate to the court's instructions to the jury. We have carefully examined each argument advanced in defendant's brief including the contention that the court erred in failing to instruct the jury with

Nelson v. Board of Alcoholic Control

respect to defendant's alibi and find these assignments of error to be without merit. In the absence of a special request, the trial court is not required to instruct the jury specifically upon the subject of alibi. *State v. Hunt,* 283 N.C. 617, 197 S.E. 2d 513 (1973).

Defendant had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MORRIS concur.