THE NORTH CAROLINA STATE BAR, Plaintiff/Appellee v. DOUGLAS S. HARRIS, ATTORNEY, Defendant

No. COA99-580

(Filed 29 August 2000)

**Evidence— work product rule—investigator—waiver to the extent materials used on direct examination**

An attorney who was disbarred by the State Bar was entitled to a new hearing where his due process rights were violated by the Hearing Committees's failure to compel production of the

N.C. STATE BAR v. HARRIS

[139 N.C. App. 822 (2000)]

State Bar investigator's notes, reports, or memoranda relating to matters about which the investigator testified. By allowing the investigator to testify, the State Bar waived any protection under the work product rule for those materials used on direct examination.

Appeal by defendant from order of the Hearing Committee of the Disciplinary Hearing Commission of the North Carolina State Bar entered 6 November 1998. Originally heard in the Court of Appeals 24 February 2000. An opinion was filed by this Court 4 April 2000. Defendant's Petition for Rehearing, filed 9 May 2000, was granted 7 June 2000 and heard without additional briefs or oral argument. The present opinion supersedes the 4 April 2000 opinion.

*Fern Gunn Simeon for the North Carolina State Bar.*

*Douglas S. Harris, Pro Se.*

WYNN, Judge.

The North Carolina State Bar brought this action before the Hearing Committee of the Disciplinary Hearing Commission of the State Bar by a complaint alleging that the defendant, a licensed attorney, violated various Disciplinary Rules of the Code of Professional Responsibility while representing a client in a personal injury action.

Before the disciplinary hearing, the defendant requested that the State Bar produce all memoranda and notes of its investigator's interviews with various parties. The State Bar responded by objecting to his request and declining to produce the requested material. As a result, the defendant moved to compel discovery and continue the hearing.

The Hearing Committee ordered the State Bar to produce notes from its investigator's interview with the defendant. But the Hearing Committee did not order the State Bar to produce notes or memoranda concerning other witnesses or potential witnesses because it determined that those notes and memoranda were protected from discovery under the attorney-work product rule.

At the disciplinary hearing held on 8 and 9 October and 6 November 1998, the State Bar called its investigator to testify as a witness. The investigator testified concerning conversations and other matters which were allegedly addressed in his reports, notes and

memoranda. Again, the defendant sought to have the investigator's materials provided. But again, the Hearing Committee denied his request.

Following the disciplinary hearing, the Hearing Committee entered an order disbarring the defendant from the practice of law. From this order, he appealed.

---

On appeal, the defendant argues that his due process rights were violated because the Hearing Committee erroneously denied his motion to compel discovery of the State Bar investigator's witness interview notes and memoranda. He asserts that the Hearing Committee, prior to the disciplinary hearings, should have granted his motion to compel discovery of the investigator's notes and memoranda since this evidence was not protected under the attorney-work product rule. Additionally, he asserts that the Hearing Committee should have allowed him access to the investigator's notes and memoranda in light of the investigator's testimony at the disciplinary hearings.

In our initial opinion, *N.C. State Bar v. Harris*, 137 N. C. App. 207, 527 S.E.2d 728 (2000), we relied on *Hickman v. Taylor*, 329 U.S. 495, 91 L. Ed. 2d 451 (1947), to address the defendant's first claim, and held that the aforementioned evidence was protected under the attorney-work product rule. *Id.* We stand by that opinion to the extent that it upheld the Hearing Committee's denial of defendant's motion to compel that was made prior to the disciplinary hearings. However, upon reconsidering our earlier opinion in light of *United States v. Nobles*, 422 U.S. 225, 45 L. Ed. 2d 141 (1975), we now conclude that, by allowing the investigator to testify, the State Bar waived any immunity under the attorney-work product doctrine as to matters testified to by the investigator that were contained in his notes. Accordingly, we hold that defendant's due process rights were violated by the Hearing Committee's failure to compel production of the State Bar investigator's witness interview notes and memoranda to defense counsel, insofar as they related to matters to which the investigator testified.

In *Hickman, supra,* the United States Supreme Court held that oral and written statements of witnesses obtained or prepared by an adverse party's counsel in the course of preparation for possible litigation are not discoverable without a showing of necessity. In effect, the *Hickman* Court recognized the attorney-work product rule,

which is "a qualified privilege for witness statements prepared at the request of the attorney and an almost absolute privilege for attorney notes taken during a witness interview." *In re PCB*, 708 A.2d 568 (Vt. 1998); *see also Hickman*, 329 U.S. at 495, 91 L. Ed. 2d at 451. Also, under the attorney-work product rule, the mental impressions, conclusions, opinions and legal theories of an attorney are absolutely protected from discovery regardless of any showing of need. *See Hickman*, 329 U.S. at 495, 91 L. Ed. 2d at 451.

Indeed, North Carolina recognizes the attorney-work product rule under N.C. Gen. Stat. § 1A-1, Rule 26(b)(3) (1990). Under that statute, attorney-work product is defined in relevant part to include, among other things, materials "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's . . . agent . . . ." *Id.* Such evidence may be obtained by a party "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Id.*

Our courts have previously considered the *attorney-client privilege*, and held that it may be waived by the client when he or she offers testimony concerning the substance of the privileged communication. *See State v. Tate*, 294 N.C. 189, 239 S.E.2d 821 (1978) (holding that the defendant by eliciting testimony regarding a letter written to him by his attorney, waived the attorney-client privilege with respect to the entire content of the letter); *Hayes v. Ricard*, 244 N.C. 313, 93 S.E.2d 540 (1956) (holding that when plaintiffs elected to examine the decedent's former attorney, plaintiffs waived their right to keep privileged the communications between that attorney and the decedent); *State v. Artis*, 227 N.C. 371, 42 S.E.2d 409 (1947) (holding that the State could cross-examine as to an alleged privileged communication between the defendant and his attorney where the defendant first brought out testimony on the subject). However, we have not previously considered whether attorney-work product immunity may be similarly waived at trial where testimony is offered concerning the substance of .the privileged work product. We hold now that it may.

Twenty-eight years following the *Hickman* decision, in *Nobles, supra*, 45 L. Ed. 2d at 141, the United States Supreme Court extended the work-product doctrine from the pre-trial context to trial, reasoning that "the concerns reflected in the work-product doctrine do not

disappear once trial has begun." *Nobles*, 422 U.S. at 239, 45 L. Ed. 2d at 154. The Supreme Court recognized that the protection afforded by "the work product doctrine is not absolute. Like other qualified privileges, it may be waived." *Id.* The Supreme Court held that the qualified privilege derived from the attorney-work product rule was waived with respect to those matters covered in an investigator's testimony and as a result, the rule was not available to prevent disclosure of the relevant portions of the investigator's report. In reaching this holding, the Supreme Court stated that "[r]espondent, by electing to present the investigator as a witness, waived the privilege *with respect to matters covered in his testimony." Id.* (emphasis added). The Court further noted by analogy that:

> Respondent can no more advance the work-product doctrine to sustain a unilateral testimonial use of work-product materials than he could elect to testify in his own behalf and thereafter assert his Fifth Amendment privilege to resist cross-examination on matters reasonably related to those brought out in direct examination.

*Id.* at 239-40, 45 L. Ed. 2d at 154.

In the instant case, the State Bar's investigator was identified as a witness in the Plaintiff's Answers to Defendant's First Set of Interrogatories. Also, the investigator was listed as a witness in the Pre-trial Order filed 8 October 1998. At the disciplinary hearings, the investigator was called by the State Bar as a witness, testifying concerning certain matters covered in his notes and memoranda, which otherwise were protected attorney-work product. At that time the defendant again sought to have the investigator's materials provided, arguing that defense counsel "ought . . . to have the opportunity . . . to be able to review whatever notes were there . . . relative to what the substance of his testimony is." We agree.

By allowing the investigator to so testify, the State Bar waived any protection that otherwise would have been afforded by the attorney-work product rule to those materials of which the State Bar made testimonial use on direct examination. Thus, the defendant should have been given access to any of the investigator's notes, reports or memoranda relating to the subject matter of the testimony elicited from him by the State Bar. Upon request, "a copy of the report, inspected and edited in camera, . . . [should have been] submitted to . . . [opposing] counsel at the completion of the investigator's . . .

HARRIS v. RAY JOHNSON CONSTR. CO.

[139 N.C. App. 827 (2000)]

testimony." *Id.* at 229, 45 L. Ed. 2d at 148. In sum, the failure to provide such access denied the defendant a fair hearing, thereby violating his due process rights under both the federal and state constitutions. *See* U.S.C.S. Const. Amends, § 5, 14; N.C. Const. Art. I § 19; *In re Murchison*, 349 U.S. 133, 99 L. Ed. 942 (1955); *North Carolina State Bar v. DuMont*, 52 N.C. App. 1, 277 S.E.2d 827 (1981).

We conclude that the defendant is entitled to a new hearing. On remand, the Hearing Committee should grant the defendant access to the State Bar investigator's witness interview report, notes and memoranda insofar as they relate to matters contained in the investigator's testimony.

Having reached this conclusion, we need not address the defendant's remaining assignments of error on appeal.

The order appealed from is reversed and remanded, and the defendant is entitled to a

New Hearing.

Judges MARTIN and HUNTER concur.